Sewall, J.
It appears, from the pleadings in this case, that William Neal was principal in a replevin bond, in which the defendant’s intestate was a surety. Upon this bond given to the present plaintiff, certain goods in his hands were replevied at the suit of Neal, who claimed them as his property. Neal’s replevin was entered in the Court of Common Pleas, and after several continuances in that court, Neal, the plaintiff, became nonsuit. Nothing is said in the plea of the damages or costs to be paid, in case the plaintiff in the replevin neglected to prosecute his,suit to final judgment; but it is averred, that pending the replevin suit, Neal became a bankrupt, and duly obtained his certificate of discharge, and the property replevied vested in the commissioners of bankruptcy, &c., whereby it became impossible for the said Neal and Tyler to perform the condition of the bond.
This plea is objected to, as deficient of the requisite averments in a plea of bankruptcy, where a third person would avail himself of the transfer of property by the effect of the commission; and it is probably entirely deficient in this respect.
But, however this may be, there seems to be no ground for the supposed discharge of this bond by the bankrupt’s disability to perform the condition of it. The discharge of the bankrupt does not operate to release or discharge his partner, or any person bound with him for the same debt. And as to the impossibility of retain ing the goods, that is not the act of law, independent of the bankrupt’s * default. It is from his becoming a [ * 36 ] bankrupt, that the title of the commissioners to his goods is derived.
By the averments in the plea, it appears that the goods taken by the replevin were the goods of Neal, holden by the plaintiff unde? *30 an attachment made by him, as a deputy sheriff, at the suit of enc Hastings; and by the operation of the bankrupt law this attachment, or the effect of it, for the benefit of the creditor of Neal, is perhaps avoided. (6) This event may be important to be considered in determining in chancery what damages are to be awarded for the plaintiff, the obligee in the replevin bond, but will not discharge the bond itself, or excuse the forfeiture of it, when demand ed against a surety for the bankrupt.

The plea must he adjudged had and insufficient.

 [If the attachment was dissolved by the operation of the bankrupt law, and the property passed to the commissioners, this would seem to furnish a good bar to any claim for a return. Wheeler vs. Train, 3 Pick. — Ed.]