### PHINEAS E. DAVIS *vs.* ISAAC HARDING & others.

An action on a replevin bond may be maintained if judgment was rendered for the defendant in the action in which it was given, and an order for the return of the goods replevied was passed and has not been complied with; but it may be proved in mitigation of damages that the action of replevin was defeated solely because it was prematurely commenced.

CONTRACT upon a replevin bond, given in a suit in which judgment was rendered for the defendant therein, and a return of the goods replevied was ordered, but never made.

At the trial in the superior court, the defendants offered to prove that Harding, who was the plaintiff in the replevin suit, failed therein solely because it was prematurely commenced; but *Putnam*, J. rejected the evidence, and a verdict was returned for the plaintiff for the penalty of the bond. The defendants alleged exceptions, and the parties agreed to a subsequent assessment of damages by the court, if the ruling should be found erroneous.

*E. W. Kimball*, for the defendants.

*S. B. Ives, Jr.* for the plaintiff.

DEWEY, J. If the question here raised was as to the competency of the proposed evidence as a defence in bar to the action, the ruling of the court was certainly right. The termination of the proceedings in the previous case in an order of the court for a return of the property, and the admitted fact that the goods replevied had not been returned, entitle the plaintiff to recover for breach of the condition of the bond; and it being a penal bond, the judgment would be for the penal sum; but execution is only to issue for such sum as shall be ascertained by the court to be due in equity and good conscience for the breach of the condition.

The question of the competency of the evidence upon a hearing, after judgment in the action of replevin in favor of the present plaintiff, upon the amount for which execution shall issue, is the one upon which this case is understood to be presented for our adjudication.

That the present defendant Harding might have availed him-

self of this evidence, after a verdict against him in the replevin suit, and in opposition to a judgment for a return, and that such evidence would, if offered, have been effectual, and thus secured him from all liability for the value of the property, seems to be conceded by the plaintiff. Upon the question whether the court will order a return of the property to the defendant in replevin upon a verdict being rendered in his favor in the replevin suit, it is competent to inquire into the state of facts existing at the time, and if it appears that a return would be of no benefit to him, and the right of property has, by some change of circumstances since the commencement of the replevin suit, now vested absolutely in the plaintiff in replevin, the court will refuse to order a return. *Wheeler* v. *Train*, 4 Pick. 168, is to this effect. In *Simpson* v. *M'Farland*, 18 Pick. 431, it was said by the court, in a case where, at the date and service of the writ of replevin, the defendant in replevin had the present right of possession, and the plaintiff therefore could not maintain his action, if it appears that by subsequent events, and before the rendition of judgment, the right of the defendant had ceased, he cannot have judgment for a return. This was again confirmed in the opinion given in *Whitwell* v. *Wells*, 24 Pick. 33, where it is said that if the chattels had been returned to the officer, he could not have holden them on his attachment. The law would not do so vain an act as to cause a return to the officer, who would have been bound immediately to restore the chattels to the plaintiff. In *Martin* v. *Bayley*, 1 Allen, 381, the return was refused, though the defendant recovered on the issue, the plaintiff having prematurely brought his action, and failed to recover solely on that ground.

Such seems to be the uniform language of this court upon the competency of such evidence in opposition to an order for a return of property replevied, unless the case of *Collins* v. *Evans*, 15 Pick. 63, be an exception. By repeated decisions subsequently to that case, the principle announced in *Wheeler* v. *Train*, 4 Pick. 168, has been applied, and must now be considered as the law of this commonwealth.

But it is said on the part of the plaintiff that, although this

be so, and this evidence would have been competent and effectual to prevent an order for a return, and thereby to exonerate the defendant from damages on his bond for not returning the property, yet the defendant is now precluded from availing himself of such evidence, inasmuch as there was in the present case an order for a return, and this it is said is conclusive upon the defendant, and requires that he be charged for the value of the property. This is the point we have to decide.

For some purposes, it is obvious that this order for a return is conclusive upon the party, and he is to be injuriously affected by his omission to introduce the evidence in opposition to the motion for an order for a return. It must have the effect to enable the plaintiff to maintain his action upon the bond, and to charge the defendant with costs. It reduces the question to one of mere damages. But does it exclude the defendant from showing, in mitigation of damages, that his action of replevin failed solely on account of being prematurely commenced, and that the property, if returned to the present plaintiff, could not have been held by him for his own benefit or that of an attaching creditor, or for the debtor, but must at once have been restored to Harding?

In reference to this point, we think some authority may be found in the decisions of this court, to which we shall refer. In the case of *Flagg* v. *Tyler*, 6 Mass. 33, which was an action on a replevin bond, the defendants had set up in bar that the attachment of the goods by the officer, who was the plaintiff in the suit on the replevin bond, had been dissolved by proceedings in bankruptcy against the debtor, whereby the property had vested in the commissioners of bankruptcy. The court, while they held that this fact constituted no defence to the action, further added that it might " be important to be considered in determining in chancery what damages are to be awarded for the plaintiff, the obligee in the replevin bond." p. 36. In *Mattoon* v. *Pearce*, 12 Mass. 406, which was also an action on a replevin bond where the plaintiff was an attaching officer, the question arose upon the assessment of damages for not returning the property, and the defendant was allowed to show, in reduction

of damages, that the interest of the debtor in any surplus of the property attached had been fully satisfied and discharged, and the damages were thereupon limited to the amount of the judgment recovered by the creditor, that being all for which the attaching officer would be responsible.

In a similar action on a bond, in the case of an attaching offi cer, *Parker* v. *Simonds,* 8 Met. 205, the defendant claimed that the recovery should be for nominal damages merely, upon the ground that the attachment had been dissolved by proceedings in bankruptcy. But upon the evidence, it appearing that the goods were seized originally on an execution, and that such seizure was not dissolved by the proceedings in bankruptcy, the court refused to reduce the damages, upon the ground that they were still liable to the seizure, assuming, as it would seem, that the evidence proposed was competent, but saying, " The defendant has offered no evidence on the point, and the objection cannot prevail." p. 210.

But the case approaching most nearly to the present is that of *Bartlett* v. *Kidder,* 14 Gray, 449. There, in an action on the bond, after the plaintiff in the replevin suit had become nonsuit, and an order for a return was made, but not complied with, the defendants were allowed to show in reduction of damages that the property was held in common by the debtor whose goods were attached, and themselves, the debtor owning one third and the defendants the remaining two thirds, and the damages were reduced to the value of the interest of the debtor, that being the only sum which the officer could rightfully appropriate to the use of the attaching creditors, and of course that a payment of the whole value of the property to the officer would only be a payment of money to be at once restored to the defendants by the officer. That presented a case of property lawfully in the hands of the attaching officer when replevied, as under the attachment of the interest of one of the owners he might lawfully take and keep the entire property, until the attachment was dissolved. While thus holding the same, the plaintiff in replevin took it from him, but failed to prosecute his action, and judgment was rendered against him, and for a return.

26 *

There is one distinction between that case and the present, namely, that the defendants in that action could not have successfully interposed an objection to an order for a return, as there was a valid subsisting attachment of one undivided third part of the property, and the officer was therefore entitled to an order for a return. But upon the general objection that a judgment for a return is conclusive as to the liability on the bond for the value of the goods replevied, and also the further objection that the admission of this evidence at the hearing on the question of amount to be recovered on the bond, might lead to an inquiry into controverted facts, it was obnoxious to the same objections now urged.

Clearly, where the right of property has been determined in the progress of the trial, that question cannot be opened on the hearing in chancery on the bond. But if confined to cases where the plaintiff has failed to maintain his replevin suit merely because prematurely brought, and where, by a change of circumstances since the commencement of the action, that objection has been wholly removed, or where, as in the case of an attaching officer being defendant in replevin and obligee on the bond, it can be shown that the attachment has been legally dissolved, and the debtor has received the property or the avails of it to his satisfaction, so that no liability exists on the part of the attaching officer either to the creditor or debtor, we see no valid objection to such evidence, when offered in reduction of the amount of the penalty of the bond, at the hearing in chancery to ascertain for what sum execution shall issue.

The court are of opinion that the proposed evidence was competent on that question, and ought for that purpose to have been admitted. The case will therefore be further heard under the rule as above stated.