COMMONWEALTH *vs.* BENJAMIN F. NICHOLS.

An indictment which alleges that the defendant " did unlawfully keep, offer for sale and sell" adulterated milk charges but one offence.

In support of such indictment, one who in a great many instances has used a lactometer, for the purpose of testing the quality and purity of milk, may testify to the result of an experiment made by him with the same lactometer upon the milk in question, although no evidence is offered as to the character of the instrument.

INDICTMENT alleging that the defendant, on a certain day and at a certain place, " did unlawfully keep, offer for sale and sell to one Patrick Keenan, for the sum of forty cents, a large quantity, that is to say, eight quarts of adulterated milk, to which a large quantity, that is to say, six quarts of water had been added ; he the said Nichols well knowing said milk so sold to be adulterated, and well knowing that said large quantity of water had been added to said milk."

The defendant filed a demurrer to said indictment, which was overruled.

At the trial in the superior court, before *Brigham*, J., Henry Faxon, inspector of milk, was a witness for the Commonwealth, and, after testifying that in the course of five or six years he had used a lactometer in five or six thousand instances, for the purpose of testing the quality and purity of milk, he was allowed to testify, under objection, that he had applied this lactometer to milk sold by the defendant to Patrick Keenan, and what was indicated by the lactometer as the specific gravity thereof and what was the standard specific gravity of pure milk, according to the lactometer. There was no evidence as to the character of this instrument, the principles of its construction and operation, or its accuracy.

There was no evidence that the defendant knew the milk to be adulterated, and the defendant requested the court to rule that for this reason he was entitled to an acquittal; but the judge ruled otherwise.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

Commonwealth v. Holbrook.

*C. H. Hudson,* for the defendant.

*Reed,* A. G., for the Commonwealth, cited, as to the sufficiency of the indictment, *Commonwealth* v. *Hall,* 4 Allen, 305 , *Commonwealth* v. *Brown,* 14 Gray, 430 ; *Commonwealth* v. ·*Twitchell,* 4 Cush. 74 ; *Stevens* v. *Commonwealth,* 6 Met. 241 ; *Commonwealth* v. *Eaton,* 15 Pick. 273 ; and as to Faxon's evidence, *Carpenter* v. *Wait,* 11 Cush. 257 ; *Ingledew* v. *Northern Railroad,* 7 Gray, 90 ; 1 Greenl. Ev. § 440.

CHAPMAN, J. The authorities cited for the Commonwealth fully establish the sufficiency of the indictment. It alleges only a single offence.

The objection that it was necessary to prove the knowledge of the defendant that water had been added to the milk is groundless. *Commonwealth* v. *Farren,* 9 Allen, 489.

The practical experience of Faxon, the inspector of milk, had been such that his testimony was admissible. *Carpenter* v. *Wait,* 11 Cush. 257. Tests by means of instruments are much used in a great variety of cases, and are found to be trustworthy, and for this reason they are admissible in evidence. In each particular case, the value of the test must be estimated by the jury.

                              ·      *Exceptions overruled.*