FRANK BRADLEY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment under sub-Chapter 4, Section 39 of Chapter 1637, Laws of 1868, charging that the defendant "feloniously did buy, receive and have, and did then and there aid in the concealment of certain stolen property of," &c., knowing the said property to have been feloniously stolen, &c., is good, the words "and have" being mere surplusage, and not liable to mislead the defendant.

2. When a statute makes either of two or more distinct acts, connected with the same general offence, and subject to the same punishment, indictable as distinct crimes, they may, when committed by the same person at the same time, be coupled in one count and constitute but one offence.

3. The indictment in such a case might be either for the buying or the receiving, or the aiding in the concealment of the stolen property ; but where it combines all these offences in one count, it is but one offence, and the punishment is no greater than when but a single charge, as of buying, is made and established.

Writ of Error to the Circuit Court for Duval county. The facts of the case are stated in the opinion.

_T. A. McDonell_ for Plaintiff in Error.

_The Attorney-General_ for The State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court:

In the month of November, 1883, Frank Bradley, the plaintiff in error, was indicted in Duval county for buying and receiving stolen goods, &c. The indictment charges that Frank Bradley, on the 15th day of November, A. D. 1883, " five barrels of flour of the value of seven dollars each of the property, goods and chattels of the Florida Central and Western Railroad Company, a corporation in-

corporated and existing under the laws of the State of Florida, before then feloniously stolen, taken and carried away, feloniously did buy, receive and have, and did then and there aid in the concealment of the same, the said Frank Bradley then and there well knowing the said property, goods and chattels to have been feloniously stolen, taken and carried away, contrary to the form of the statute, &c." The cause was tried on a plea of not guilty on the 21st day of November, and defendant was found guilty. On the next day the attorney for the defendant moved in arrest of judgment, on the grounds—first, "that the offence is charged in such a way that it leaves it uncertain what is intended to be charged. Second. That said indictment in a single count charges more than one statutory offence and is bad for duplicity. Third. That the facts stated in the indictment are not sufficient to constitute the offence attempted to be charged.

The court overruled the motion, and the counsel for the defendant duly excepted, and brings his writ of error to this court, and assigns his errors as follows :

"The plaintiff assigns for error, that the indictment, in a single count, joins more than one felony ; that the verdict is general; that the record shows that he has been convicted on one count of more than one offence by the same verdict; that no legal judgment can be entered thereon."

The statute under which this indictment is found is chapter 1637, Laws 1868, sub-chapter 4, §39, and reads as follows: "Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished by imprisonment," &c.

Mr. Bishop, in his work on Statutory Crimes, §244, says: "If, as is common in legislation, a statute makes it punishable to do a particular thing specified, 'or' another thing, 'or' another, one commits the offence who does any one of

the things, or any two, or more, or all of them. And the in-
dictment may charge him with any one, or with any larger
number, at the election of the pleader ; employing, if the
allegation is of more than one, the conjunction 'and' where
'or' occurs in the statute."

The word "have," as used in the indictment, is not em-
bodied in the statute, and may be treated as surplusage.

" Where a statute makes two or more distinct acts, con-
nected with the same transaction, indictable, each one of
which may be considered as representing a stage in the
same offence, it has, in many cases, been ruled that they
may be coupled in one count." 1 Wharton's Crim. L ,
§390.

In the case of Byrne et al. vs. The State, 12 Wis., 519,
C. J. Dixon, speaking for the court, says: " The rule is
well settled that where a statute makes either of two or
more distinct acts, connected with the same general offence
and subject to the same measure and kind of punishment,
indictable separately and as distinct crimes, when each shall
have been committed by different persons or at different
times, they may, when committed by the same person at
the same time, be coupled in one count as constituting alto-
gether but one offence. In such cases the several acts are
considered as so many steps or stages in the same affair,
and the offender may be indicted as for one combined act in
violation of law ; and proof of either of the acts mentioned
in the statute and set forth in the indictment will sustain a
conviction." See also State vs. Bielby, 21 Wis., 204.

In State vs. Nelson, 29 Maine, 329, the court say : " The
statute, C. 156, §1, makes the buying, receiving or aiding
in the concealment of stolen goods but one offence though
it may be committed in three modes. If it is charged in all
three of the modes still but one offence is committed, and
only one punishment can be inflicted. The offence is es-

tablished by proof of either of the modes, but the penalty is the same for one as all three of them. There is, therefore, but one crime charged."

In Stevens vs. Commonwealth, 6 Metcalf, 241, the indictment alleged the stealing of certain goods, and then charges that the defendant the goods so stolen did receive and have, and then and there did feloniously aid in concealing the same. The court said that there is but one count in which the defendant is charged, and there is but one offence with which he is charged; that it is made but one offence by the statute, although, according to the language used, it may be committed in one of three modes; that is, by buying, receiving or aiding in the concealment of stolen goods. Whether charged to be done in one, two or all three of the modes mentioned, it is still but one offence, and the general finding of the jury is, that the offence was committed as charged. Commonwealth vs. Nichols, 92 Mass., 199; Ib. vs. Eaton, 15 Pick., 273; Ib. vs. Hall, 85 Mass., 305.

The indictment in this case is not bad for duplicity. It charges but one offence, although the offence might have been committed in one of three modes. The jury have found that the offence was committed as charged in the indictment. The penalty, as provided in the statute, is no greater where the indictment charges the three distinct modes in one count than where but a single charge, as of " buying," is made and established. The punishment is the same in both cases.

The judgment is affirmed.