LEW KAY v. STATE.

153 So. 311.

Division B.

Opinion Filed February 21, 1934.

Petition for Rehearing Denied March 21, 1934.

*Pat Whitaker* and *Hampton, Bull & Crom,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Buford, J.—The writ of error here is to a judgment of the Circuit Court in and for Pinellas County wherein the plaintiff in error was adjudged guilty of manslaughter.

We deem it unnecessary to discuss more than two of the questions presented by the plaintiff in error for our determination.

There was a motion for change of venue, which motion was denied. When the record in this case is measured by the rule enunciated by this Court in the case of Jeffcoat v. State, 103 Fla. 466, 138 Sou. 385, we find no reversible error in the order of the Court denying the motion.

Motion was made to quash the indictment because of duplicity. The indictment contained every allegation necessary to charge the offense of manslaughter under the provisions of Section 5039, R. G. S., 7141 C. G. L., and it also contained all the allegations necessary to charge the same offense under the provisions of Chapter 9269, Acts of 1923, and all allegations were combined in one count.

Section 5039, R. G. S., 7141 C. G. L., declares that certain acts shall constitute the offense of manslaughter; while Chapter 9269, Acts of 1923, declares that certain other acts shall also constitute the offense of manslaughter and shall be punished as is provided by law for the offense of manslaughter.

The fact that all allegations essential to charge the offense under either statute are contained in one count of an in-

48

dictment does not under the adjudicated cases in this jurisdiction make the indictment invalid or subject to motion to quash because of duplicity.

In the case of Irvin v. State, 52 Fla. 51, 41 Sou. 785, this Court quoted with approval the former enunciation of this Court in the case of Bredley v. State, 20 Fla. 738, saying:

"When a statute makes either of two or more distinct acts, connected with the same general offense, and subject to the same punishment, indictable as distinct crimes, they may, when committed by the same person, at the same time, be coupled in one count and constitute but one offense; and such an indictment will not be subject to the charge of being duplicitous."

We have examined the other assignments of error and find no reversible error disclosed by the record.

The judgment should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.