THORNAL, Justice.
From a conviction and sentence for manslaughter resulting from the operation of an automobile, the appellant appeals.
The appellant was charged in one count, the pertinent part of which reads as follows :
“ * * * the said William Wilbert Dunning, was then and there operating and driving said Chrysler Automobile in a reckless, careless and negligent manner, and while he, the said William Wilbert Dunning was under the influence of intoxicating liquors to such extent as to deprive him of full possession of his normal faculties; in that he, the said William Wilbert Dunning was culpable [sic] negligent in operating and driving said Chrysler Automobile at a rate of speed greater and in a *703 manner than was then and there reasonable and proper, and while, he, the said William Wilbert Dunning was then and there under the influence of intoxicating liquors to such extent as to deprive him of full possession of his normal faculties; * *
The only error assigned for reversal is that the indictment charged manslaughter produced by culpable negligence and driving while intoxicated in violation of Sections 782.07 and 860.01, F.S., F.S.A., and that under such a charge the trial Judge should have instructed the jury that the State carried the burden of proving both culpable negligence and driving while intoxicated. In the view of the appellant such an instruction was not given and the failure to give it, he contends, is reversible error.
We have held numerous times that a defendant may properly be charged in separate counts of an indictment for committing the separate offenses condemned by the two statutes cited.
In Kay v. State, 114 Fla. 44, 153 So. 311, we further held that when a statute makes either of two or more distinct acts connected with the same general offense and subject to the same punishment indictable as distinct crimes, they may, when committed by the same person at the same time, be coupled in one count so as to constitute one offense and an indictment so framed is not subject to the charge of duplicity.
From this rule the appellant reasons that the State has elected to create one offense of culpable negligence and driving while intoxicated combined, and that, therefore, the State should be required to prove all of the essential material allegations of the indictment and that failing to do so, the defendant should have been acquitted. It is contended that the Court failed to instruct the jury that this burden of proof rested upon the State.
We concur in the premise that when the State elects to charge a defendant in one count with homicide resulting from culpable negligence cmd driving while intoxicated, the State must then carry the burden of proving beyond a reasonable doubt both elements of the offense; and when properly requested, the trial Judge should so instruct the jury.
In the case at bar, when the Judge concluded his instructions, the Attorney for the appellant objected on the ground that the instructions did not properly advise the jury that both elements of the offense should be proven. The trial Judge thereupon recalled the jury, and, among other things, instructed them as follows:
“ * * * So, if you should believe from this evidence that this was an accident and that the death of the little boy Jesse James Jackson came about as a result of an accident while the defendant was operating his automobile in a lawful manner and with usual and ordinary caution, without any unlawful intent, and while he was not intoxicated by intoxicating liquor or under the influence of intoxicating liquor to the extent that he was deprived of his normal faculties, and that he was exercising due care and caution, then, in that event, of course, you should find the defendant not guilty. But, if you find from the evidence beyond reasonable doubt from the evidence that, in the operation of his automobile as heretofore stated [sic] was intoxicated by intoxicating liquor or under the influence of intoxicating liquor to the extent that he was deprived of his normal faculties, and his ability to drive and operate the automobile, cmd that while he was in that condition and because of his culpable negligence in the operation of' the automobile at such time, you believe he brought about and caused the death of Jesse James Jackson in manner and form as charged in the indictment, then you should find him guilty. * * * ” (Emphasis added.)
After this instruction was given, no further objection was urged by the appellant. Although the instruction cannot be said *704 to be a model of clarity and directness, it, nevertheless, adequately advised the jury on the burden resting upon the State under the circumstances, especially when considered with other instructions given.
No error having been made to appear, the judgment appealed from is, therefore, affirmed.
DREW, C. J., and THOMAS and ROBERTS, TL, concur.