MIKE NEICARTA, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed October 8, 1920.

Where there is ample evidence to sustain a verdict of guilty,
without considering evidence asserted to have been improp-
erly adduced, a judgment of conviction will not be reversed,
where the error, if any, was rendered harmless by the testi-
mony of the defendant, no material or harmful errors ap-
pearing in the record.

A Writ of Error to the Circuit Court for Dade County;
H. Pierre Branning, Judge.

Judgment affirmed.

*G. A. Worley & Son,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart
Gillis,* Assistant, for the State.

WHITFIELD, J.—Upon an indictment for murder, Mike
Neicarta was convicted of manslaughter and took writ
of error. The burden of the contention here is that the
accused did not understand the English language and was
not fully advised of his rights when he made a statement
while under arrest as to why he shot the deceased, which
statement was testified to by other witnesses. Even if
there is any substantial basis in the record for this con-
tention, the accused testified as to the circumstances un-
der which he fatally shot the deceased, claiming justifi-
cation because of an assault made on him by the deceased,
and as on the evidence without the testimony as to the
statement, the verdict of manslaughter has sufficient le-

gal support, the error, if any, in admitting testimony as to the statement, was harmless. No material or harmful errors of procedure appear; therefore, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.