Scott v. State of Florida—Syllabus.

JESSIE SCOTT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed January 10, 1924.

Petition for Rehearing Denied January 26, 1924.

1. Where an information or indictment is complained of on the ground of duplicity the defendant must make the assault thereon by demurrer, or by motion to quash *before verdict rendered.* If he delays presenting such issue until after verdict he will be held to have waived the same. He cannot raise such issue in a motion for new trial or by a motion in arrest of judgment.

2. When a statute makes either of two or more distinct acts, connected with the same general offense and subject to the same punishment, indictable as distinct crimes, they may, when committed by the same person at the same time, be coupled in one count and constitute but one offense; and such an indictment will not be subject to the charge of being duplicitous.

3. Where the evidence is ample to sustain a verdict of guilty, alleged technical errors in rulings refusing to exclude evidence elicited on cross-examination of State witnesses by defendant, not shown to be harmful, are not grounds for reversal.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Affirmed.

*J. B. Hodges,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—Plaintiff in Error, Jessie Scott, was indicted and tried upon a charge of offering a bribe to an officer. He was found guilty as charged. To review a judgment imposing sentence writ of error was taken from this Court.

The indictment, which is predicated upon Section 5346, Revised General Statutes, omitting formal parts, is as follows:

"The Grand Jurors of the State of Florida, duly chosen, empanelled and sworn diligently to inquire and true presentment make in and for the body of the County of Columbia, upon their oath present that Jessie Scott, late of said county, on the 10th day of April, A. D. 1923, in the county and State aforesaid, with force and arms, then and there well knowing the official capacity of John F. Baker and with the purpose and intent of fraudulently influencing the official act of the said John F. Baker, a police officer and then and there, the chief of police of Lake City, Florida, on a certain matter and question, to-wit, the matter or question of searching the residence of the said Jessie Scott for intoxicating liquors, and to induce the said John F. Baker not to prosecute him, the said Jessie Scott for the offense of having in his, Jessie Scott's possession, intoxicating liquors, did then and there unlawfully on said 10th day of April, A. D. 1923, aforesaid, corruptly offer to the said John F. Baker, as chief of police as aforesaid, a gift and gratuity, to-wit, twenty-five ($25.00) dollars, currency of the United States of America, of the value of twenty-five ($25.00) dollars, a better or more particular description of which said twenty-five ($25.00) dollars is to the Grand Jurors unknown; contrary to the form of the statute in such case, made and provided, and against the peace and dignity of the State of Florida."

There was a motion to quash the indictment upon the ground that it "alleges no sufficient offense under the law." This motion was overruled and the ruling is as-

signed as error. After trial there was a motion in arrest of judgment upon the grounds that the indictment is vague, indefinite and insufficient in law; that it is not clear from the allegations of the indictment whether the alleged bribe was offered for the purpose of influencing the officer to search the residence of the defendant or not to prosecute him; and that it is not certain whether he was found guilty of offering a bribe to the officer not to search his residence or not to prosecute him for having intoxicating liquors in his possession. This motion was also overruled and this ruling is assigned as error. These two rulings are considered together in the briefs. They present generally the same question, namely, the alleged insufficiency of the indictment because, first, of indefiniteness, and second, of duplicity.

The question of duplicity is presented only by the motion in arrest of judgment. That this question comes too late when presented by motion in arrest of judgment is well settled, this Court having expressly so held. Stedman v. State ,80 Fla. 547, 86 South. Rep. 428; Irvin v. State, 52 Fla. 51, 41 South. Rep. 785. But even if it be considered that this question is presented by the motion to quash upon the ground that the indictment alleges no offense, the assignment is not well taken. In Irvin v. State, *supra*, the court said: ''When a statute makes either of two or more distinct acts, connected with the same general offense and subject to the same punishment, indictable as distinct crimes, they may, when committed by the same person at the same time be coupled in one count and constitute but one offense.'' That the acts alleged are connected with the same general offense denounced by the statute upon which the prosecution is based is apparent. Whether the bribe was offered the officer to induce him not to search or not to prosecute, the offense is the same and the penalty is the same. So that upon either theory

the contention that the indictment is bad cannot be sustained. Resort to the statute (§6064 Rev. Gen. Stats.) forbidding the quashing of an indictment or arrest of judgment or granting a new trial because of defects in form, unless the court is of the opinion that the indictment is so vague and indefinite as to mislead the accused, is not necessary.

Other assignments question the propriety of rulings admitting evidence, over defendant's objections, and the sufficiency of the evidence to support the verdict. The evidence objected to, even if improper, was originally elicited on cross-examination of State witnesses by counsel for defendant. But aside from this, if this evidence is excluded from consideration, the evidence on behalf of the State is still ample to sustain the conviction. Neicarta v. State, 80 Fla. 493, 86 South. Rep. 347. The chief of police to whom the offer is alleged to have been made and a policeman who heard the offer each testified of a direct offer of $25 made by defendant to the chief of police if he would not search the house of defendant. In speaking of the offer the chief of police uses the word "house." The policeman witness uses the words "place" and "premises." In the sense used these words mean the same thing and tend to prove the allegations of the indictment. All the evidence goes to show that the place referred to was the residence of defendant.

None of the assignments of error is well taken, so the judgment is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.