ELBERT CROFT, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

146 So. 649.
Opinion filed March 21, 1933.

*George W. Dayton,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for the State.

PER CURIAM.—The plaintiff in error was indicted, tried and convicted in the Circuit Court of Pinellas County, Florida, on an indictment charging robbery. The indictment charges:

"That Elbert Croft and Carl Sullivan, of the County of Pinellas and State of Florida, on the 19th day of November in the year of our Lord, one thousand nine hundred and thirty-one in the County and State aforesaid being then and there armed with a dangerous weapon, or weapons, to-wit:

a pistol, or pistols, a more particular description is to the Grand Jurors unknown, and with the intent, if resisted, to kill or maim one Irving Trask, and putting the said Irving Trask in fear, they, the said Elbert Croft and Carl Sullivan did make an assault upon the said Irving Trask, and did then and there feloniously rob, steal and take away from the person or custody of the said Irving Trask Nine Hundred and Eighty-Seven ($987.00) Dollars, lawful money of the United States of America, of the value of Nine Hundred and Eighty-seven ($987.00) Dollars, a more particular description of said money being to the Grand Jurors unknown, of the money, goods and chattels of the First State Bank of Tampa Shores, the said Irving Trask being then and there the agent and servant of the said First State Bank of Tampa Shores in charge of the said money, goods and chattels of the said First State Bank of Tampa Shores, aforesaid;"

The defendant filed a motion to quash the indictment. This motion to quash raised two questions we think material: first, the indictment did not sufficiently allege the ownership of the property, and, second, that the indictment was duplicitious in that it charged two crimes, in the alternative.

As to the first question. The motion to quash complains that the indictment does not allege that the First State Bank of Tampa Shores, the alleged owner of the property charged to have been taken, was a corporation, or, if a partnership the individual names of the partners. In the case of Underhill v. State, 81 Fla. 234, this Court held that "At common law it is not sufficient to allege the ownership of stolen property in a partnership without giving the names of the partners. In the case of Pippin et al. v. State, 102 Fla. 1124, this Court held that "An indictment for robbery

should state the name of the owner of the property or that the owner is unknown."

It is true that Section 6115, Compiled General Laws of Florida, 1927, provides: "All banks not organized and transacting business under the laws of this State, or under the national banking laws of the United States, and all persons or corporations doing the business of bankers, brokers or savings institutions, are prohibited from using or continuing to use the word "bank" or any other title which may imply that it is an incorporated banking institution as a part of the whole of the name or title of such bank, corporation, firm or partnership; except that individuals or firms who may be carrying on the business of banking may continue the use of such name or title, provided they append to such name or title wherever used the words "not incorporated," in letters as plain and conspicuous as those used in the name or title itself, and any violation of this prohibition shall subject the party chargeable therewith to a penalty of fifty dollars for each day during which it is permitted or repeated, to be recovered by the State in any court of competent jurisdiction." We think that the statute just quoted would raise the presumption that the First State Bank of Tampa Shores, the alleged owner of the property charged to have been taken, was a banking corporation under the laws of the State of Florida. This could only be a presumption. In charging a felony presumptions are not generally favored, unless such presumptions are especially provided by statute. In this case the State failed to prove that the First State Bank of Tampa Shores was a banking corporation under the laws of Florida.

As to the second question raised by the motion to quash. Section 7157, Compiled General Laws of Florida, 1927, provides:

"Whoever assaults another and feloniously robs, steals and takes from his person or custody, money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, etc."

Under this statute it would be a crime to "feloniously rob, steal and take away from the person." It would equally be a crime to "feloniously rob, steal and take away from the custody." The law doesn't favor indictments charging a defendant with having committed one crime, or another crime. This Court, in the case of Strobhar v. State, 55 Fla. 167, held:

(Quoting from the decision): "Finally the indictment is said to be duplicious, in that it charges two offenses prohibited by the statute and includes two classes of persons named in the statute." In support of this objection, it is contended that "the statute makes two offenses by the words 'embezzle *or* fraudulently converts,' and the indictment that defendant 'did embezzle and fraudulently convert,' and that the statute makes "agent" and "servant" two distinct classes of employes, and the indictment charges the defendant with being "servant *and* agent." There is no merit in these contentions. Mr. Bishop, in his work on statutory crimes, No. 244, says: If, as is common in legislation, a statute makes it punishable to do a particular thing specified, 'or' another thing, 'or' another, one commits the offense who does any one of the things, or any two, or more, or all of them. And the indictment may charge him with any one, or with any larger number, at the election of the pleader; employing, if the allegation is of no more than one, the conjunction 'and' where 'or' occurs in the statute." (Citing) Bradley v. State, 20 Fla. 738; King v. State, 17 Fla. 183.

The testimony in the record, connecting the defendant

Elbert Croft, with the robbery is not satisfactory. See 70 Fla. 530.

For the reasons stated the judgment is reversed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., and JOHNSON, Circuit Judge, concur.

BROWN, J., concurs in the result.

BUFORD, J., dissenting:

I think that while the motion to quash the indictment should have been granted the indictment was sufficient to put the defendant on full notice of the crime with which he was charged. That no advantage either was or could have been taken of the defendant by reason of any of the infirmities of the indictment and that the allegations thereof were sufficient to protect him against a second or subsequent prosecution for the same offense. Therefore, I think the judgment should be affirmed.