ARTHUR ALDRICH, JR., v. STATE.

166 So. 838.
Opinion Filed March 30, 1936.

*C. E. Farrington,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—The indictment in this case charged that on the 10th day of September, 1933, the plaintiff in error, Arthur Aldrich, Jr., made an assault upon one Louis Ross in Broward County, Florida, and did then and there feloniously rob, steal and take from the "person or custody of the said Louis Ross $63.48, the property of R. B. Springer and Standard Oil Company, he the said Arthur Aldrich, Jr., being then and there armed with a dangerous weapon, to-wit: a 22-caliber rifle, with intent then and there if resisted to kill or maim the said Louis Ross, contrary to the statute (Chapter 13972, Acts 1929) in such cases made and provided."

Motion to quash the indictment was interposed and over-ruled, the defendant tried and convicted, and thereupon sentence of twenty years imprisonment was imposed upon him by the court below. He has sued out this writ of error to the judgment.

The judgment must be reversed on the authority of Croft v. State, 109 Fla. 188, 146 Sou. Rep. 649. In that case this Court held that an indictment in almost the precise language of the indictment here challenged was fatally defective because, in charging the offense as consisting of defendant's robbing, stealing, and taking a company's money from the person "or" custody of its agent or servant, it was infected with the vice of duplicity in that it undertook to charge two separate crimes in the alternative in one count. See also Hill v. State, 145 Ala. 58, 40 Sou. Rep. 654. In addition to the foregoing objection, another appears in the indictment in that it wholly fails to allege or show whether Standard Oil Company, the alleged part owner of the money stolen, was an individual, partnership or a corporation at the time of the offense. See: Croft v. State, *supra* (3rd headnote).

Reversed.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting in part).—Chapter 12246 of the Acts of 1927 attempted to amend Section 5055 of the Revised General Statutes of 1920 by adding the words "or custody" after the words "from his person," and also by increasing the punishment. On October 18, 1929, in the case of Wood v. State, 124 So. 44, 98 Fla. 703, this Court held the amendatory Act of 1927, above referred to, unconstitutional and void, not having properly passed the Senate

as required by Section 17 of Article III of the Constitution. However, Section 5055 of the Revised General Statutes of 1920, as amended by said Chapter 12246, Acts of 1927, appeared as Section 7157 of the Comp. Gen. Laws of Florida of 1927.

The Legislature of 1929, by Chapter 13792, amended Section 5055 of the Revised General Statutes so as to read as follows:

"Section 5055. ROBBERY BY PERSON ARMED.—Whoever assaults another and feloniously robs, steals and takes from his person or custody, money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with the intent if resisted to kill or maim the person robbed, or, being so armed, wound or strike the person robbed, shall be punished by imprisonment in the State Prison for a term of years or for life imprisonment in the State Prison in the discretion of the Court for and during a term of his natural life."

It will be seen that this amendatory Act is identical with Section 7157 of the Comp. Gen. Laws of 1927 except as to the last three lines, which, following the word "imprisonment," read as follows: "In the State Prison for a term of years or for life imprisonment in the State Prison in the discretion of the Court for and during a term of his natural life."

Thus the amendatory Act of 1929 practically re-establishes the Act of 1927 amending Section 5055 R. G. S., which incorporated the words "or custody" after the word "person" in the second line as above set forth.

I do not think the addition of these words "or custody" made any substantial change in the common law meaning of robbery. In the case of Wood v. State, *supra,* we held that Chapter 12246 being unconstitutional and void, the prose-

cution and punishment for robbery in that case was controlled by Section 5055 R. G. S. Plaintiff in error in that case contended that the evidence was insufficient to support the indictment charging robbery from the person because the money, which was the alleged subject of the robbery, was shown not to have been taken from actual contact with the person of the man robbed, but was taken in part from a money drawer in the banking room where the person robbed was held up by the accused, and a part from the vault of the bank. In the opinion of Mr. Justice BUFORD in that case, it was said:

"The evidence shows that White was the cashier of the bank, that he was present and in custody and control of the banking room and vault, and that the money was, until the advent of the accused, under his supervision, possession, custody, and control."

In 23 R. G. L 1142, the writer says:

"It is often stated that an essential and distinguishing characteristic of robbery is the fact that the felonious taking must be from the person of another, but by the great weight of authority the words 'taking from the person of another' as used in connection with the common law definition of robbery, are not restricted in application to those cases in which the property taken is in actual contact with the person of the one from whom it is taken, but include within their meaning the taking by violence or intimidation from the person wronged, in his presence, of property which either belongs to him or which is under his personal protection and control. And where such words have been incorporated into statutes defining robbery thus have received the same construction. In this connection the preposition 'from' does not convey the idea of contact or propinquity of the person and property. It does not imply that the property

is in the actual or immediate presence of the person. The thought of the statute, as expressed in the language, is that the property must be so in the possession or under the control of the individual robbed that violence or putting in fear was the means used by the robber to take it. If it is away from the owner, yet under his control, for instance in another room of the house, or in another building on his property, it is nevertheless in his personal possession; and, if he is deprived thereof, it may well be said it is taken from his person. Goods are called personal property in the law, and presumed to accompany the person. If taken from the owner, this relation of owner and property is surrendered, and the goods are separated from his person, and this essential element of the offense is established.'

"The construction of the meaning of the words, 'taking from the person of another,' as above set forth, is applicable to the language used in Section 5055, R. G. S. 1920, of Florida, and therefore the proof submitted in the instant case as to this element of the offense was sufficient to support the charge."

A careful reading of the cases of Hill v. State, 145 Ala. 58, 41 So. 654, and Thomas v. State, 91 Ala. 34, 9 So. 81, shows that the reasoning of those cases, as distinguished from the holding in one of them, supports the position taken by this Court in the case from which the above quotation is made. See also 54 C. J. 1015, to like effect; and on page 1016 of 54 C. J. it is said:

"Under statutes providing that a person shall be punished for robbery if he feloniously and forcibly takes property 'from the person or possession of another,' or defining robbery as the forcible and felonious taking of property 'in the possession of another, from his person or immediate pres-

ence,' forcibly taking money from a place under the personal protection of the victim is taking it from his 'possession.' "

It will thus be seen, that the amendment to the statute above referred to made little or no change in the meaning of the statute 5055 R. G. S., as construed in the case of Wood v. State, *supra*, or as construed in the light of the common law as interpreted by the decisions of our American Courts. It is just as much robbery to hold up a filling station operator and at the point of a gun take the money from his cash register in his presence as it is to take the purse out of his pocket. Therefore, when an indictment charges robbery "from the person or custody" of the person robbed, the indictment does not charge two separate crimes in the alternative. It merely charges one crime, with one of the details of its commission charged in the alternative. So, an indictment for murder may charge that the accused killed the deceased by cutting him with a knife or some other sharp instrument to the grand jury unknown. Thus the case of Croft v. State, 109 Fla. 188, 146 So. 649, should be overruled.

Nor do I think it reversible error that the indictment failed to allege whether the Standard Oil Company, the alleged part owner of the money stolen, was a corporation or a partnership or an individual at the time of the offense. The defendant could not have been embarrassed or prejudiced or injured in any way by this irregularity in the form of the indictment. There is no intimation that the defendant was an officer or a stockholder of the Standard Oil Company. So, he could not have been robbing himself. Everybody knows that the Standard Oil Company is a corporation. It would be a useless gesture to reverse a case for an error so harmless as that.

For these reasons I must dissent.