AUGUSTA HAMILTON v. STATE.

176 So. 89.

Opinion Filed September 3, 1937.

220

222

*Kehoe & Kehoe,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BROWN, J.—This writ of error is from final judgment below adjudging the defendant guilty "of possession of stolen property" and sentencing her to imprisonment by confinement at hard labor in the State penitentiary for a term of one year.

Information, which was in one count, was filed against Augusta S. Hamilton in the Criminal Court of Record for Dade County, charging that on November 1, 1935, in Dade County, Florida, she "did then and there unlawfully have, receive and aid in the concealment of * * * (enumerating the property) * * *; of the value of Sixty Dollars, lawful money of the United States of America, a further and more particular description of said merchandise being to the County Solicitor unknown, of the property, goods and chattels of Burdines, Inc., a Florida corporation, which merchandise had been theretofore stolen, she, the said defendant, at the time of so having, receiving and aiding in the concealment of the said merchandise, then and there well knowing that the same had theretofore been stolen, taken and carried away."

The defendant filed a motion to quash the information upon the grounds that it charged no offense against the laws of the State, that it was not signed, sworn to and filed in

accordance with law and rules of practice, and that it was so vague, indefinite, uncertain and contradictory that trial upon it would not preclude a subsequent trial upon the same facts alleged therein. The motion was properly denied by the court.

Motion was filed asking for a bill of particulars to give the defendant the following information in writing: (1) When each article described in the information was stolen; (2) whether the defendant had it in her possession, whether she received it, or whether she aided in the concealment thereof; (3) on what date or dates she had which piece or pieces of property in her possession, and on what date or dates which piece or pieces of property were received by her; (4) on what date or dates which piece or pieces of property were concealed by her; (5) the value of each piece of property; (6) the date on which it ceased to be stolen property, and (7) from what person or persons the defendant received said property, if in fact she did receive it. The motion was denied as to the first six grounds and granted as to the seventh ground. The State, in reply to the seventh ground, gave the name of Harold Prior.

Trial was had and the jury returned a verdict against the defendant of guilty as charged and placed the value of the goods at $60.00. The defendant made a motion for a directed verdict at the close of the State's evidence and also at the close of all of the evidence, both motions being denied by the court. Motion for new trial was denied. Motion for arrest of judgment was denied. Final judgment was entered upon the verdict of the jury, adjudging the defendant to be guilty as charged and sentencing her to serve one year at hard labor in the State penitentiary. From the final judgment, writ of error was taken.

It is contended that that part of the information charging

that the defendant "did then and there unlawfully have, receive and aid in the concealment of" certain enumerated stolen property is not sufficient to charge the defendant with buying, receiving or aiding in the concealment of the stolen property under the statute. Sec. 7239 C. G. L.

The word "have" as used in the information is not embodied in the statute, and may be treated as surplusage. Bradley v. State, 20 Fla. 738. The statute, Sec. 7239 C. G. L., states but one offense, although it gives three methods by which the offense may be committed, connecting these modes of committing the offense by the disjunctive "or." Consequently the information may in one count charge the defendant with any one, or any two or all three of the methods of committing the offense if they are joined in the information by "and" instead of "or." Proof of any one of the methods alleged is sufficient to sustain conviction and sentence for the offense. Bradley v. State, 20 Fla. 738; Stedman v. State, 80 Fla. 547, 86 So. 428; Craft v. State, 146 So. 649, 109 Fla. 188.

It is also contended that the information was insufficient in that part alleging that the merchandise "had been theretofore stolen," and that the defendant at the time of committing the offense well knew that "the same had theretofore been stolen."

The word "theretofore" has been judicially defined to mean "before then." Hume v. United States, 118 Red. 689. Adopting that definition of the word here the information alleges in effect that the merchandise "had been before then stolen," and that the defendant at the time of committing the offense did well know that "the same had before then been stolen."

The information must state explicitly and directly every fact and circumstance necessary to constitute the offense.

See Clark—Criminal Procedure 153, Sec. 60. The elements of the offense denounced by Sec. 7239 C. G. L. are the buying, or receiving or aiding in the concealment of stolen money, goods or property, knowing at the time of so buying, receiving or aiding in the concealment of said money, goods or property that the same was stolen, or being apprised of circumstances that would put a man of ordinary intelligence on inquiry as to the stolen character of the money, goods or property. Franklin v. State, 66 Fla. 213, 63 So. 418; Winton v. State, 87 Fla. 104, 99 So. 249; Hart v. State, 92 Fla. 809, 110 So. 253.

We think the information, while inartfully drawn, is sufficient to satisfy the rules laid down above. It charges that the property had before then been stolen, and that the defendant did, at the time of committing the offense, know that it had been stolen before then. It is not necessary for the information to allege that the property had retained its stolen character from the time it was stolen until it was delivered to the defendant, as this would be presumed in the absence of some positive showing to the contrary, which ordinarily would be a matter of defense to be brought out at the trial of the case.

The next question presented and argued is whether when an information in one count charges the defendant with having received and aided in the concealment of several articles or pieces of property, on a certain specified day, and the proof is that the several articles or pieces of property were received at different times, the proof is sufficient to sustain the information.

The information charged that the defendant did on November 1, 1935, unlawfully receive and aid in the concealment of the entire list of property enumerated in the information, consisting of eighteen separate items.

The State put on as witness to relate the time when the articles of stolen property were delivered to the defendant, Harold Prior, who worked for Burdines, Inc., and who delivered the goods to the defendant. According to the testimony of Harold Prior, he delivered to the defendant in June, 1935, a dozen or more women's handkerchiefs, two pillow cases, two velvet finished scarfs, three bridge sets consisting of a little standard table cloth with four nakins, three lady's purses, a Peggy Sage manicure set, a water set consisting of a thermos jug, tray and glasses, and some other things which he did not remember, all of which were estimated to be worth approximately $100.00, and for which the defendant agreed to pay $50.00. She paid $30.00 of this amount. The witness also testified that prior to the delivery of these goods to the defendant in June, 1935, he delivered to the defendant a set of silver, with some extra pieces such as a butter spreader, iced tea spoons and a carving set, which was worth approximately $50.00, and for which the defendant paid $20.00. The witness also testified that in October, 1935, he sold the defendant two suits of clothes for men for $13.50, which were worth approximately $20.00. Thus the State's witness proved that the property enumerated in the sole count of the information was delivered to and purchased by the defendant on three separate occasions.

Receiving or concealing different articles of stolen property at different times and on separate and unconnected occasions, constitute separate offenses and cannot be prosecuted as one crime, in one count, though all the property is afterwards found in the possession of the defendant at the same time and place, Smith v. State, 59 Ohio St. 350, 52 N. E. 826; and it has been held in a Texas case that this is equally true, although all of such articles are stolen by

one, pursuant to an agreement between that person and the defendant, that any goods so stolen shall be purchased, received or concealed by the defendant. See Lockhead v. State, 85 Tex. Cr. 459, 213 .S. W. 653; 2 Brill Cyc. of Crim. Law 1458, Sec. 922; but we need not decide the latter proposition here.

Two distinct and separate offenses cannot as a general rule, be laid in one count of an information, especially where the punishment for each crime is different. If they are so laid, and it so appears on the face of the information, it is good cause for demurrer or motion to quash, and sometimes for arresting judgment. McGahagin v. State, 17 Fla. 565. In 14 R. C. L. p. 194, it is said:

"It is a general rule that an indictment or information charging two or more distinct and separate offenses in one count is bad for duplicity. The rule is sometimes stated to be that offenses created by different statutes, or to which different penalties are annexed, cannot be included in the same count, but while, this statement is no doubt true, it is somewhat misleading, as the true reason seems to be, not because the offenses arise under different statutes, or are differently punished, but because they are, in reality, distinct offenses, and that where offenses apparently distinct, but arising under the same statute or out of the same transaction, and having the same punishments, are permitted to be embraced in the same count, it is because, in the circumstances of the case, they constitute, in effect, but one offense. No matters, however multifarious, will operate to make a count double, if they constitute but one connected charge or transaction, though the count should allege that they .are connected with the same act or transaction." See also Carl v. State, 125 Ala. 89, 28 So. 505.

After the State witness, Harold Prior, had testified as

to the group of articles delivered by him to the defendant in June, 1935, that were valued at approximately $100.00, the following proceedings were had:

"Q. Did you, at any other time and place, deliver Mrs. Hamilton or make any agreement with Mrs. Hamilton for the delivery of any merchandise from Burdine's, Incorporated?

"MR. KEHOE: We object to that, if the Court please, because there is no predicate laid for that question in this information.

(Argument of counsel off record.)

"THE COURT: The objection will be overruled.

"MR. KEHOE: If the Court please, may I make the further motion: If the State is attempting to prove this defendant received stolen property by the witness, may I ask that the State elect which charge they are going to stand on?

(Argument of counsel off record.)

"THE COURT: At this time the motion will be denied, Mr. Kehoe."

This motion should have been granted.

Thereafter while the State was still introducing its testimony as to the deliveries of the stolen goods made to the defendant, the following proceedings were also had:

"MR. MINCER: The State offers State's Exhibit No. 1 and asks it be marked and filed of record.

"MR. KEHOE: We object to the exhibit being introduced in evidence until the State will elect on which one of the articles they are going to maintain this prosecution.

(Argument of counsel off record.)

"MR. KEHOE: Until the State elects which one they are going to stand on, I object to any article going in evidence.

"THE COURT: The objection will be overruled."

The defendant made a motion to quash the information in the court below, but of course this question could not be successfully raised thereby, because on its face the information charged only a single offense. However, the point that the court erred in refusing to make the State elect upon which articles received by the defendant the State would maintain and continue its prosecution was directly raised twice during the introduction of the State's testimony and again in the motion for new trial. It was only when the State produced its testimony that it was made to appear that the State had intended to charge several different offenses, or at least intended and endeavored to prove several distinct offenses, under the single count in the information. The error might have been cured if the court had required the State to elect which of these offenses it was relying upon. Then the evidence as to the other offenses committed on other occasions might perhaps have been admissible under the rule laid down in Wallace v. State, 41 Fla. 547, 26 So. 713, but it is not necessary to decide that question here.

The general verdict of guilty in no way designated upon which offense of the several attempted to be proven by the State the jury found defendant guilty. The criminal law does not, as we have said, permit the joinder of two entirely separate and distinct offenses in the same count, and where different punishments are provided, the *judgment may be arrested*. See McGahagin v. State, 17 Fla. 665, 669. See also U. S. v. Hopkins, 290 Fed. 619; Johnson v. State, 51 Fla. 44, 40 So. 678. There are exceptions to this rule (Smith v. State, 40 Fla. 203, 23 So. 854, and other cases) but the general rule is as stated. But the question should be raised by motion to quash, when that is possible. Scott v. State, 87 Fla. 12, 99 So. 245. For like reasons the gen-

eral verdict of guilty, lumping three offenses into one, was prejudicial to defendant.

It is also contended that the defendant is entitled to the benefit of Sec. 7240 C. G. L., which provides that on first conviction under Sec. 7239 C. G. L., when *the act of stealing the property* does not amount to a felony, and the said defendant convicted under Sec. 7239 C. G. L., makes full restitution to the party injured, he shall not be punished in the State prison, but may be liable to such additional punishment as the court may direct.

The evidence shows that the defendant, when asked to do so, gave up to the police department practically everything that she had purchased from the prosecuting witness, Harold Prior. There was one suit of clothes she had given away and could not return in specie. There is no evidence at all in the record to show the value of the property stolen by Harold Prior on each separate occasion, or as to how many different times it took him to steal all of the property sold to the defendant.

The taking of different articles from the same person at different times generally constitutes separate offenses. Patterson v. State, 99 Ohio St. 90, 117 N. E. 169; West v. Commonwealth, 125 Va. 747, 99 S. E. 654; Carl v. State, 125 Ala. 89, 28 So. 505. If the property stolen by Harold Prior was stolen at different times in small amounts of less than $50.00 in value, and if the defendant made full restitution and satisfaction to Burdine's, Inc., she could claim the benefit of Sec. 7240 C. G. L., and receive a lighter punishment than that prescribed by Sec. 7239 C. G. L. The information alleges that total value of the property to be $60.00, and the State attempted to prove that valuation for *all* of the property.

The jury's decision in this case largely depended upon

their opinion of the veracity of the defendant's testimony that she did not know the property she bought from Prior was stolen property. Therefore the third question presented, whether it was proper for the defendant to prove her reputation for honesty, truth and veracity by persons who have known her and have come in daily contact with her at her place of work over a period of several years, in connection with her work, is an important one in this case. She had worked in a large down town hotel in Miami for several years, looking after the upholstery and draperies, making them and keeping them in good condition. The defendant endeavored to prove her good character and her character for truth and veracity by some of her associates in the hotel, fellow employees of the hotel, with whom, or under whose direction, she worked, but they had not visited her in her home, some distance away in the same city, and could not testify that they knew her reputation in the community or neighborhood where she resided. So the court would not permit them to testify over the State's objection. As she worked long hours, it is argued that she did not visit or know her neighbors very well, nor did they know her or her reputation and character for honesty and veracity as well as her co-employees in the hotel where she worked.

We have undoubtedly held that the best evidence of a person's general reputation is the opinion formed and expressed of him or her by his or her neighbors or the people in the neighborhood or community in which he resides. Nelson v. State, 32 Fla. 244, 13 So. 361; Stanley v. State, 93 Fla. 372, 112 So. 73. But we are persuaded that "the community" or "neighborhood" whose estimate of a person's character or reputation is most important is the community or neighborhood where he or she is best known, and that under the peculiar circumstances here involved the words "com-

munity" or "neighborhood" should be expanded to take in the place in the same city where the defendant worked day after day and those who there came in daily contact with her for several years and knew her and her reputation and character among the numerous other people who worked and labored in the same hotel. Therefore testimony of this nature, by witnesses duly qualified, was admissible. 22 C. J. 480.

Finally, the judgment in this case is defective. It adjudicated that the defendant was guilty of "possession of stolen property." There is no such crime under our Florida laws. Many innocent people may at some time or other come into the possession of stolen property without the slightest knowledge or notice that such proprety had been stolen. The offense defined by our statute relates to the buying, receiving or aiding in the concealment of stolen property, knowing the same to have been stolen.

Judgment is reversed.

TERRELL and CHAPMAN, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—I concur in most of what is said in the opinion of Mr. Justice BROWN and that the judgment should be reversed, but I dissent to what is said therein in reference to the third question presented.

I do not think that the rule as to testimony regarding general reputation of a defendant, or a witness, should be extended in its application so as to admit such testimony as was offered, whether it be offered for or against a defendant, or for or against a witness. The general reputation of a person for truth and veracity or for honesty and integrity should not be permitted to be proved by testimony as to what that reputation is in a particular house or place of business.

If such general reputation may be established by the testimony of the employees of a hotel, then how large must the hotel be? How many employees must it have? A hotel, or other place of business, is not a community.

I think there was no error in excluding the proffered testimony.