SWANN, Judge.
The State of Florida appeals from an order dismissing two informations which charged the defendant, Rand, and another, with violations of § 832.05(3), Fla.Stat., F.S.A.
Both informations were filed after January 1, 1968. One information essentially charged the defendants with violation of the statute in that they did
* * * * * *
“unlawfully draw, make, utter, issue or deliver to Merlin Package Stores, Inc., a corporation, a check, draft, or other written order on a bank or depository for the payment of money or its equivalent, knowing at the time of the drawing, making, uttering, issuing or delivering such check or draft that the maker or drawer thereof had not sufficient funds on deposit in or credit with such bank or depository with which to pay the same on presentation, * * * and did obtain for such check, draft or other written order services, goods, wares and other things of value. * * *”
* * * * * *
The language of the other information was substantially the same except for the date of the crime and the fact that another corporation was involved. Defendant filed identical motions to dismiss and the trial *32 judge ordered dismissal on the grounds that the informations were so vague, indefinite and uncertain as to fail to apprise the defendants of the matter and character of the alleged offenses with sufficient particularity as to enable them to properly prepare a defense to the charges.
It was admitted in the trial court and on an appeal that the informations substantially followed the language of the statute. The order of dismissal stated, in part:
******
“In other words, even if the information substantially follows the statute, if it is still as a whole vague, indefinite, inconsistent or calculated to mislead the Defendant in the preparation of his defense or expose him to the danger of a second prosecution, it is objectionable.
******
The thrust of Defendant’s attack on the Informations is directed to the fact that they charge Defendant with violations of the Statute by several means of commission, each stated in the disjunctive (i. e. connected by the word ‘or’). It is true that some statutes might employ terms which are substantially synonymous, or terms which are merely explanatory of one another, or might include terms which are, in legal effect, mere surplusage and in such cases it cannot be said that an alternative listing of such terms would prejudice the accused in the preparation of his defense. But we are not faced with such a situation here because the ‘making’ of a worthless instrument is an entirely different act from the ‘delivering’ thereof; and the ‘uttering’ of such an instrument is an act separate and apart from either. The gist of ‘making’ is in the execution, while the gist of ‘delivering’ is in the transfer of possession; ‘uttering’ involves neither aspect and generally consists of a declaration or assertion either directly or indirectly, by word or action, that the instrument is good. Any one of these may take place in conjunction with or completely independent of the others; and where more than one party is allegedly involved in a single scheme or transaction (and in the instant case the Informations charge this Defendant and another jointly) it is not only possible, but also highly probable, that the several acts were committed by different persons.
In line with the basic fundamental requirement that an indictment or information should inform a Defendant with certainty and specificity of the precise nature of the charge against him in order to enable him to prepare his defense and so as not to embarrass or frustrate him in the maintenance of such defense, it is essential that a Defendant know which particular act he has allegedly committed constitutes the basis for the crime charged. Thus we are exposed to the inherent vices of an accusatory pleading which charges the commission of separate and distinct criminal acts in a single count stated in the alternative or disjunctive, merely because the criminal statute uses such language. Now there is no doubt that under the law this Defendant could have been charged with the commission of several acts in the conjunctive (and convicted upon the proof of any one or more of them). We need not speculate further upon the legality of such a procedure, for it was not employed here.
The great majority of jurisdictions adhere to the basic principle that disjunctive pleading is fatally defective unless the use of such alternative means of expression is to state matters which are synonymous, or explanatory of each other, or are mere surplusage.

* * * Florida follows the majority rule. Croft v. State, (1933), 109 Fla. 188, 146 So. 649; Aldrich v. State, (1936), 123 Fla. 352, 166 So. 838; Hamilton v. State, (1937), 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013. Confusion has *33 since arisen by virtue of the enactment of Sec. 906.13 F.S.A. (See also Criminal Procedure Rule 1.140(k) (5), which is slightly different) which appears to obviate this defect. If such a statute were deemed to permit disjunctive pleading which is otherwise so vague and uncertain so as not to apprise a Defendant fairly of the precise nature of the criminal charge he is being compelled to defend, then it must of necessity be an unconstitutional violation of that defendant’s basic and fundamental rights.”
******
The order appears, generally, to be based upon sound reasoning with which we could ordinarily agree. We must, of necessity, disagree with the rationale set forth therein because of § 906.13, Fla.Stat., F.S.A., which provides:
******
“No indictment or information for an offense which may be committed by the doing of one or more of several acts, or by one or more of several means, or with one or more of several results, shall be invalid or insufficient for the reason that two or more of such acts, means, intents or results are charged in the disjunctive or alternative.”

and Rule 1.140(k) (5), “CrPR,” 33 F.S.A., adopted January 1,1968, which stated:
“For an offense which may be committed by the doing of one or more of several acts, or by one or more of several means, or with one or more of several intents or results, it is permissible to allege in the disjunctive or alternative such two or more acts, means, intents or results.”
******
In view of the statute and subsequent criminal rule permitting such offenses to be alleged in the disjunctive or alternative by means of two or more acts, means, intents or results, we feel compelled to find that these informations were proper and valid. See also 17 Fla.Jur. Indictments & Information § 58 and 41 Am.Jur.2d Indictments and Informations § 96. The order dismissing the two informations be and the same is hereby reversed and this cause is remanded for further action consistent herewith.
It is so ordered.