278 So.2d 298 (1973)
Jesus A. AVILIA, Appellant,
v.
STATE of Florida, Appellee.
No. 72-595.
District Court of Appeal of Florida, Fourth District.
May 10, 1973.
Rehearing Denied June 11, 1973.
Richard L. Jorandby, Public Defender, and William Bassett, Jr., Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
MORROW, RUSSELL O., Associate Judge.
This appeal is from the Court of Record of Broward County, Florida. The appellant was convicted on each count of a four-count information charging receiving stolen property, to-wit: (Count 1) airline tickets of Hart Travel Agency, Inc., (Count 2) travelers checks of Travel Plans, Inc., (Count 3) checks of GAC Finance Corporation of Miami, and (Count 4) check of Atlantic Loan Company of North Dade.
The appellant invoked the defense of entrapment and the question raised is whether the evidence shows, as a matter of law, that there was entrapment. The record shows that there was conflicting evidence as to the issue of entrapment and also that there was sufficient evidence not only to submit the issue to the jury but also to support the verdicts.
The trial judge correctly stated that the four offenses set out in the information were in fact one offense of receiving stolen property. Though the property was owned by different entities, the offense was by the same person, at the same time, in the same place, under the same circumstances and *299 with the same intent. (Russell v. State, Fla.App. 1958, 107 So.2d 801.)
There is no reversible error in the ultimate result of the action by the trial judge, but since there is only one offense there can be only one adjudication and one sentence.
This cause is affirmed and remanded to the trial court with directions to impose and enter a judgment and sentence for the single offense of unlawfully receiving or aiding in the concealment of stolen property as charged.
Affirmed and remanded with instructions.
OWEN and MAGER, JJ., concur.