PER CURIAM.
Appellant, defendant in the trial court, seeks review of two convictions of forgery, two convictions of uttering a forged instrument, and two counts of petit larceny by the unlawful use of a credit card. He was sentenced to five years on the felony counts, to run concurrently, and sixty days on the misdemeanor counts, to run concurrently; the State sentences to commence at the expiration of any Federal sentence now serving or hereinafter imposed.[1]
 The appellant' urges that all the convictions arose out of the same criminal episode; the use of someone else’s credit card. The record indicates two separate transactions; therefore there is no merit to this contention. Hamilton v. State, 129 Fla. 219, 176 So. 89. However, where there are several facets arising out of the same criminal episode only one sentence for each criminal episode should be imposed. Yost v. State, Fla.App.1971, 243 So.2d 469; Warren v. State, Fla.App. 1972, 266 So.2d 114.
 The appellant also urges that the sentence should have been definite as to the time of commencement. In other words, upon the completion of what Federal proceedings. With this point we find merit. The appellant is entitled to know at the conclusion of what Federal proceedings he is to commence the serving of his time in the State institution, and it is also apparent from a reading of the sentence that the trial judge has ordered the appellant committed at two different institutions, to wit: The Dade County Jail for sixty days and the State Penitentiary, said time to run concurrently. This is a physical impossibility. 21 Am.Jur.2d, Criminal Law, § 547, p. 524, note 3; Anno. 57 ALR2d 1422, § 6.
*526 The final adjudications of conviction are hereby affirmed, but the sentences be and they are hereby reversed and the matter is returned to the trial court, with directions to resentence the appellant in accordance with applicable law. Compare Strada v. State, Fla.App.1972, 267 So.2d 702.
Affirmed in part; reversed in part, with directions.

. “SENTENCE
“IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that As to Counts 1, 2, 4, 5 of the Information you JACK GORDON DYER be imprisoned by confinement at hard labor in the STATE PENITENTIARY for a term of Five (5) years, sentence to begin at the expiration of any sentence heretofore or hereafter imposed by the United States District Court.
“IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that as to Counts (3) and (6) of the Information, you be imprisoned in the Dade County Jail for a term of Sixty (60) days, sentence to run concurrently with the State Prison sentence imposed for Count 1, 2, 4, and 5 of the Information and to begin at the expiration of any sentence heretofore and hereafter imposed by the United States District Court.”