321 So.2d 86 (1975)
William Joel KEEL, Appellant,
v.
STATE of Florida, Appellee.
No. 75-674.
District Court of Appeal of Florida, Second District.
October 31, 1975.
*87 James A. Gardner, Public Defender, Sarasota; and Harold H. Moore, Asst. Public Defender, Bradenton, and Karl W. Pilger, Student Asst., Washington, D.C., for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee; and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
William Keel entered a plea of guilty to the charge of robbery pursuant to plea negotiations. The negotiations provided that he would receive a ten year sentence which would run consecutive to any sentence which he was then serving in Georgia. After determining that the plea was voluntarily entered the court accepted the plea and sentenced appellant to "ten (10) years to run consecutively with any sentence from the State of Georgia."
Appellant contends that the sentence was vague as to date of commencement. We find this claim is meritorious. While the intent of the trial court may have been to have appellant's sentence commence at the expiration of a specific Georgia sentence, as imposed the sentence is vague and uncertain. For example, if appellant were subsequently tried and convicted of another crime in Georgia, the commencement of the robbery sentence would be delayed. This indefinite commencement of the sentence is improper. Wallace v. State, Fla. 1899, 41 Fla. 547, 26 So. 713; Bush v. State, Fla.App.2d 1975, 319 So.2d 126; Dyer v. State, Fla.App.3d 1974, 296 So.2d 524.
We have considered appellant's other point on appeal and find it to be without merit.
The judgment is affirmed and the case remanded to the trial court for entry of a corrective sentence.
HOBSON, A.C.J., and SCHEB, J., concur.