OTT, Judge.
The appellant took a direct appeal from his convictions and sentences on four counts of receiving and concealing stolen property (Case No. 77-278) and also appealed the denial of his Rule 3.850 motion (Case No. 77-268). The cases were consolidated for argument and disposition by this court. We find no merit with the direct appeal. However, the latter appeal has merit.
At issue is the single transaction rule.[1] We hold that the rule applies and reverse.
*1075 Appellant was charged by information with four counts of receiving and concealing stolen goods in violation of Section 812.-031, Florida Statutes (1975). The statement of particulars provided that “the alleged date and hour of the alleged criminal offense [was] August 31, 1976, at approximately 2:00 P.M.” In due course appellant was found guilty and received a sentence of five years on Counts I and II to run concurrently, five years concurrent on Counts III and IV but consecutive with the sentence on Counts I and II.
Since we hold the single transaction rule to be applicable only one judgment and one five-year sentence may be imposed.
Section 812.031(1), Florida Statutes (1975) provides:
Whoever intentionally receives, retains, disposes, or aids in concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, commits an offense.
The state’s proof was adequate to show that the major parts of four stolen Corvette automobiles were found by the police on premises leased by appellant, but not four separate offenses.
The state filed a four-count information. Each count charged in identical language of the above statute except that in each count the stolen property was alleged to be the property of a different named person.
The proof of the state, in pertinent part, consisted of the following:
1. Each of the persons named in the four counts was an owner of separate Corvette automobiles that had been stolen at four separate times and places.
2. That all of the stolen auto parts were discovered and seized on premises leased by the appellant at one date, place and time.
3. That the parts seized were subsequently traced or established as containing parts of each of the four stolen Corvettes.
4. That the total value of the seized parts of each of the stolen Corvettes exceeded $100 in value.
In Avilia v. State, 278 So.2d 298 (Fla.4th DCA 1973) the court held “that the four offenses set out in the information were in fact one offense of receiving stolen property.” The court went on to say:
Though the property [airline tickets, travelers checks, finance company checks and a loan company check] was owned by different entities, the offense was by the same person, at the same time, in the same place, under the same circumstances and with the same intent. 278 So.2d at 298-99.
The state argues that Avilia is in conflict with the holding of the supreme court in Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937): The relevant portion of the holding in Hamilton was as follows:
Receiving or concealing different articles of stolen property at different times and on separate and unconnected occasions constitutes separate offenses and cannot *1076 be prosecuted as one crime, in one count, though all of the property is afterwards found in the possession of the defendant at the same time and place. 176 So. at 92.
Hamilton is persuasive under a certain set of facts; proof of such facts is not here present. With reference to receipt, in Hamilton the defendant made three separate receipts of unrelated goods. In the instant case, although the goods of four separate owners were found on premises leased by the appellant, the record is barren of any proof of separate receipt, retention, disposition or concealment of the goods by the appellant.
We are not unmindful that our holding will place the burden upon law enforcement officials to develop evidence indicating more than a “single transaction.” However, to fail to apply the single transaction rule would fly in the face of existing law. Multiple sentences must be avoided when they simply reflect several different characterizations (or counts) of the same criminal episode.
What we say here, of course, does not preclude the state under like circumstances from charging under multiple counts, nor from going to trial on each — because a jury might not believe, for instance, that the property was “stolen” in each instance. But once conviction is had on one such count, there being but one concealment, only one judgment may be entered and one sentence imposed.
Accordingly, the cause is remanded for the entry of but one judgment and the imposition of a single five (5) year sentence. The appellant need not be present for this purpose.
BOARDMAN, C. J., and McNULTY, J., concur.

. In 1975 the supreme court in Jenkins v. Wainwright, 322 So.2d 477 (Fla.1975), receded from its decision in Foster v. State, 286 So.2d 549 (Fla.1973) in holding that multiple sen *1075 tences were proper where the petitioner had possession of two separate drug substances each of which constituted in and of itself a separate violation of law. The court placed the onus upon the legislature in stating the following:
We recognize that other states have mandated by statute that multiple or consecutive sentences are not to be imposed for offenses committed as part of a single transaction. [Examples given] In the absence of a specific Florida statute, this Court adheres to the view expressed in its prior decisions . . . [Examples given] 322 So.2d at 479.
The legislative response was Section 775.-021(4), Florida Statutes (Supp.1976):
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.