OTT, Judge.
Appellant was convicted of a charge of escape and sentenced to 15 years in prison. He was at that time on parole from a sentence on another crime. The new 15-year sentence specified that it was “to commence after any parole violation sentence that might be imposed.”
The quoted language was surplus-age. Unless the court specifically directed otherwise, the new sentence would as a matter of law be consecutive to any other sentence for an offense that was the subject of a separate indictment, information, or affidavit. § 921.16, Fla.Stat.
As constituted, the new sentence is impermissibly uncertain as to commencement. Keel v. State, 321 So.2d 86 (Fla. 2d DCA 1975). We therefore cure the deficiency by striking the surplusage. Teffeteller v. State, 396 So.2d 1171 (Fla. 5th DCA 1981).
The judgment of conviction and the sentence, as amended, are AFFIRMED.
GRIMES, Acting C. J., and RYDER, J., concur.