## CASPER MAZURECZK v. THE STATE.

### No. 194. Decided May 4, 1910.

**1.—Theft of Sheep—Election by State.**

Where, upon trial for theft of sheep, the evidence showed for the State that there were six sheep taken belonging to the alleged owner, under an indictment charging the theft of three only, and there was no positive evidence of any original taking, the court should have required the State to elect, on defendant's motion. Following Fisher v. State, 33 Texas, 792, and other cases.

**2.—Same—Charge of Court—Receiving Stolen Property.**

Where, upon trial of theft of sheep, the evidence raised the issue of receiving stolen property, the court erred in failing to submit defendant's requested instruction thereon.

**3.—Same—Charge of Court—Principals—Original Taking.**

Where, upon trial of theft of sheep, the evidence showed that the brother of defendant might have been the original taker of the alleged sheep, the court should have submitted this issue in his charge on principals.

Appeal from the District Court of Bandera. Tried below before the Honorable R. H. Burney.

Appeal from a conviction of theft of sheep; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of three sheep alleged to be the property of Postert, his punishment being assessed at two years confinement in the penitentiary.

The case is one of circumstantial evidence insofar as it tends to show an original taking. The State introduced statements of appellant to the effect that he bought the sheep or some of them from a party named Reaube, and also some from Fries. Reaube testified that he had traded sheep to appellant. These sheep were described by Reaube. The State's theory of this phase of the case was the sheep bought by appellant from Reaube did not suit the description of the sheep alleged to have been stolen. Fries denied trading or selling appellant any sheep. Without going into appellant's testimony with references to these transactions, it is a fact that appellant did get sheep from Reaube. There was evidence also to the effect that appellant bought some or all of the sheep in question as well as others from his brother, Victor, and after so purchasing or trading for these sheep he changed their marks at the request of his brother so as to designate those from the other sheep in the flock.

1. When the testimony was concluded appellant moved the court to require the district attorney to elect for which sheep a conviction would be claimed. This was refused, and a bill of exceptions reserved. We are of opinion this motion should have been sustained inasmuch as the evidence shows for the State there were six sheep taken, belonging to the alleged owner Postert. This law has been settled in Texas in favor of appellant's contention since the rendition of the decision in Fisher v. State, 33 Texas, 792. This case was followed in a well considered opinion reported in 44 Texas Supreme Court Report at page 85. The opinion in the latter case was rendered by Judge Reeves. This court has followed, approvingly, these decisions. Taking the testimony from any angle of view, it is circumstantial as to the taking so far as the State's case is concerned. Appellant's testimony is positive to the effect that the sheep were traded to him by his brother. There is no positive evidence of any original taking on the part of appellant as to when or how these sheep were taken. If the sheep were taken at different times, even if appellant took them, the different takings could not be combined in the same indictment. This view of it would have required the election on the part of the State. The State claims through its testimony that the mark on six sheep had been changed which belonged to Postert. The theft of three only was charged in the indictment. We are of opinion that under the authorities and under the status of this record the State should have been required to elect upon the theft of which sheep a conviction would be asked.

2. The court's charge is criticised, and special instructions were requested. The special charges, in substance, were to the effect that if appellant was an accomplice or a receiver of stolen property, then he

could not be convicted under this indictment. The court, in a general way, instructed the jury that if appellant came into possession of the property in any other way than by an original fraudulent taking, he would not be guilty of theft. But the jury might not understand by this general charge that if appellant received the property from his brother, after they were stolen, if the brother did commit the theft, or that if he traded for them from Reaube, that he would not be guilty of theft. The evidence is uncontradicted that he traded for sheep from Reaube, but Reaube in describing the sheep he sold or traded appellant gave a somewhat different description of the sheep from those claimed by Postert. This was a fact to be determined by the jury, whether they were or not the same sheep. If he got the sheep from Reaube, he was entitled to an acquittal, and the fact that Reaube's and appellant's statement did not agree would only go to form an issue for the decision of the jury. The jury should, therefore, have been instructed that if he received these sheep from Reaube, that he would be entitled to an acquittal. They should have been further instructed specifically that if appellant received the property from his brother, even knowing they were stolen, he would be entitled to an acquittal under this indictment. While the court undertook to charge the jury in regard to appellant's reception of the property from his brother, yet it was in the most' general way, and did not explain to the jury the law sufficiently explicit to let the jury understand what character of reception would authorize an acquittal. The court's charge on the law of principals was of a very general character, and defined principals to be those who were present aiding and assisting in the original taking, but did not instruct the jury that if the brother of appellant was the original taker of the sheep and appellant was not present, that he would not be a principal. This, in view of what has been said with reference to the other phases of the charge and the requested instructions, tends to show that the jury may have been misled in regard to what it took to constitute appellant an original taker or a receiver of the alleged stolen property.

As the record is presented to us we are of opinion that the judgment should be reversed and the cause remanded for the reasons above indicated.

*Reversed and remanded.*

McCord, Judge, not sitting.