A. D. GREEN v. STATE.

183 So. 728.
Division A.
Opinion Filed October 12, 1938.

*John C. Wynn,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

BUFORD, J.—To an information, which was as follows: "John H. Carter, Jr., as State Attorney for the 14th Judicial Circuit of the State of Florida, prosecuting for said State, in the County of Jackson, under oath information makes that A. D. Green on August 20, 1937, in said County and State, unlawfully did steal, take and carry away seven hogs, the property of Elijah Tyus, with the intent to deprive the owner of his property therein; CONTRARY TO THE STATUTE in such case made and provided, and against the peace and dignity of the State of Florida;"—the defendant plead not guilty and on trial was convicted and adjudged to be guilty and thereupon sentenced to serve two years in the State Prison at hard labor.

The record shows that of the seven hogs alleged to have been stolen two of them were found in possession of one Carlos Conrad and five were found in possession of one Paul Hall.

The record shows that two of the hogs came from a bunch that were "raised" about one place and that the others were raised about another place. In other words, the two hogs found in possession of Conrad were out of one bunch of hogs and the five found in possession of Hall were out of another bunch of hogs.

The record shows that the two hogs found in possession of Conrad were found by the alleged owner on September 19, 1937, and that the five hogs found in possession of Paul Hall were located by the owner in Hall's possession on October 1, 1937. Neither transaction appears to have had anything to do with the other.

The record shows that if larceny was committed of the seven hogs it was committed by asportation of two hogs

from one place and five hogs from another place. When this developed in the record defendant, through his counsel, moved the court to require the states attorney to elect which transaction he would rely on for conviction. The court denied the motion.

In the light of the record this became a matter of paramount importance in this case.

The rule appears to be well settled that where property is stolen from the same owner from the same place by a series of acts if each taking is a result of a separate independent impulse it is a separate crime. See 36 C. J. 798 and cases there cited; also Hamilton v. State, 129 Fla. 219, 176 So. 89. It is also settled that if articles belonging to different owners are taken at different times or from different places it must be held that each taking is a distinct and independent larceny. 36 C. J. 800, and cases there cited.

In Lunn v. State, 44 Tex. 85, it was held:

"When two distinct offenses are charged in an indictment or developed by the evidence, the district attorney should be required to elect on which of the charges he intends to claim a conviction, as soon as he has examined the witnesses far enough to identify the transaction, and in all cases the election must be made before the accused offers his testimony."

To like effect was the holding in Mazureczk v. State, 59 Tex. Crim. 211, 128 S. W. 136. And also to like effect is the holding in the case of Herring v. State, 16 Ala. App. 98, 75 Sou. 647, and in State v. Crimmins, 31 Kans. 376, 2 Pac. 574.

The reason for the rule is demonstrated in the instant case.

There is no evidence to show that the alleged five stolen hogs found in possession of Hall were ever in the posses-

sion of the defendant or that he ever claimed ownership, possession or right of possession to the hogs. His connection with that transaction at most, as is shown by the record, was that Hall told Green, the defendant, that he wanted to buy some hogs. A negro owed the defendant some money. The defendant told the negro that Hall wanted to buy some hogs and the negro took the hogs to Hall's place and left them there. Green then went to see Hall to find out whether or not the negro had sold him the hogs. Hall told Green, the defendant, that the negro had left some hogs at his place but, in effect, that they had not agreed on a price. Green looked at the hogs but did not claim to know anything about them. He told Hall that he held a note secured by a lien on some hogs and he supposed those were the same hogs. The entire evidence in regard to this transaction is totally insufficient to constitute the basis of a conviction of the defendant Green. Therefore, if the State had relied upon that transaction, the trial judge should have, on timely motion made, directed a verdict because of the insufficiency of the evidence to establish any proof that would sustain a verdict of guilty.

Now, as to the two hogs found in possession of Conrad, the defendant admitted that he sold these two hogs to Conrad. He testified, as did several other witnesses, that he had raised those two hogs; that they had been in his mark since they were pigs and that they had never been the property of Tyus from whom they were alleged to have been stolen. Tyus and one other witness testified identifying the two hogs as the property of Tyus and Tyus claimed that the marks on them had been changed.

The record shows that these two hogs were delivered to Conrad at or near the time that Tyus claimed he missed his two hogs. Conrad testified that the hogs were not freshly marked when he bought them.

So if the State had elected to stand upon the transaction involving the two hogs, it is at least doubtful that a jury would have found the defendant guilty.

Under this state of facts, we must hold that the trial judge committed reversible error in not requiring the State's Attorney on motion of defendant timely made to elect as to which transaction he would stand upon for conviction.

The judgment is reversed.

So ordered.

Reversed.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to the conclusion.