132 So.2d 7 (1961)
Robert SHULER and Jerry Chatman, Appellants,
v.
STATE of Florida, Appellee.
No. 40009.
Supreme Court of Florida.
July 7, 1961.
Francisco A. Rodriguez, Tampa, for appellants.
Richard W. Ervin, Atty. Gen., B. Clarke Nichols, Asst. Atty. Gen., for appellee.
ROBERTS, Chief Justice.
Appellants were tried and found guilty of the offense of rape, without recommendation of mercy, and have appealed directly to this court from the judgment of conviction as authorized by Article V, Section 4(2), Fla. Const., F.S.A.
The victim of the alleged attack neither testified nor appeared at the trial, and the jury reached its verdict of guilt upon a consideration of circumstantial evidence *8 as supplemented by statements and confessions of the accused. On this appeal the appellants argue (1) that the confessions were not freely and voluntarily made by them, and (2) that the evidence adduced by the State was insufficient to establish the corpus delicti. Neither of these contentions has merit.
Prior to the introduction of the confessions into evidence, the trial judge heard the testimony of the officers who obtained the confessions as to the circumstances under which they were made. The jury, at the appropriate time, heard similar testimony. This evidence, if believed, was abundantly ample to support a conclusion that the confessions were freely and voluntarily made by the appellants. There is nothing inherently improbable in the testimony of the State's witnesses showing that the confessions were freely and voluntarily made; there are, on the other hand, some inconsistencies in the testimony of appellants by which they sought to show that the confessions were exacted through force, threats, coercion and promises. No authority need be cited for the proposition that, on a pure question of fact, this court is not authorized to substitute its judgment for that of the trier of the facts in the absence of compelling reasons to do so. None have been made here to appear. Accordingly, the appellants' assignment of error respecting the admission into evidence of their confessions is without merit.
Nor can their contention as to the proof of the corpus delicti be sustained. The evidence as to the presence of live male sperm in the vagina of the victim, the laceration and bleeding at the entrance thereof, the contusions, lacerations, and bruises all over her body, and other similar testimony as to the condition of the victim immediately following the alleged attack, lead irresistibly to the conclusion that she had been raped. This court has long been committed to the rule that the corpus delicti may be established by circumstantial evidence as well as by direct evidence. Nickels v. State, 90 Fla. 659, 106 So. 479. It has also been said that the corpus delicti "need not be established beyond and to the exclusion of a reasonable doubt, but only prima facie. But there must be sufficient evidence to establish it directly, or at least from which a reasonable inference may be drawn that the violation had occurred." Rowe v. State, Fla. 1956, 84 So.2d 709. The evidence adduced in the instant case is abundantly sufficient to meet the rule of the cited cases.
Since this is a capital case we have also examined the evidence to determine whether the ends of justice require a new trial as required by Section 924.32, Fla. Stat., F.S.A. Finding as we do that the evidence is sufficient to support the verdict and judgment and that the interests of justice do not require a new trial, the judgment here reviewed should be and it is hereby
Affirmed.
TERRELL, THOMAS, HOBSON, DREW, THORNAL and O'CONNELL, JJ., concur.