141 So.2d 606 (1962)
Dell H. HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 2777.
District Court of Appeal of Florida, Second District.
May 25, 1962.
Steadman S. Stahl, Jr., Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and David U. Tumin, Asst. Atty. Gen., Miami, for appellee.
SHANNON, Chief Judge.
In this appeal the defendant below seeks review of an adjudication of guilty of grand larceny following a non-jury trial in the court of record.
The record-on-appeal reflects that in March, 1960, the appellant was hired by Atlantic Surgical Supply Company, in Fort Lauderdale, as a bookkeeper and accountant. She was charged with handling the financial affairs of the corporation, which included making regular deposits to the company's bank account.
In October, 1960, the owners of the company became concerned about its financial condition. An investigation followed, and from the results thereof, it was concluded that there was a shortage in the corporation's account. Appellant was called upon by the president and general manager of the corporation, Dillon, and by its vice-president, Powell, to explain these discrepancies. Dillon and Powell both testified that the appellant admitted having taken the money and that she voluntarily made a written statement implicating herself in the theft. In the statement, appellant agreed to pay to the company the sum of $10,000.00 "to cover any monies taken by me from the firm for my own personal use. * * *"
Subsequently, the appellant was informed against for the offense of grand larceny. *607 Upon arraignment she entered a plea of not guilty and waived trial by jury. At the conclusion of the trial, appellant was adjudicated guilty of the crime of grand larceny. Her motion for new trial was denied and this appeal followed.
By her assignments of error and points-on-appeal, the appellant challenges generally the sufficiency of the evidence to support her conviction under Sec. 811.021, Fla. Stat., F.S.A.
In a prosecution for the crime of larceny, it is necessary that the State establish first that the property in question was lost by the owner thereof, and, secondly, that its loss was the result of a felonious taking. The question of the existence of felonious intent is one of fact. See Groover v. State, 1921, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373 and 20 Fla.Jur., Larceny, Sec. 58. It is the establishment of these two elements, which constitute the corpus delicti of the offense, that is challenged first in this appeal. In essence, the appellant maintains that the only evidence adduced at trial which tended to prove that any money was actually lost by the company was the following extra-judicial statement made in writing by appellant:
 "October 9, 1960
"I, Dell H. Harper do hereby give my note of $10,000.00 to Edward A. Powell and Charles A. Dillon of Atlantic Surgical Supply Company, Inc. to cover any monies taken by me from the firm for my own personal use and to defray any expenses and damages the company has suffered due to my taking the money. The sum of $10,000.00 is over the actual monies diverted to my own use as that amount is still undetermined. The money in excess of the amount taken is for whatever damages I have caused the company.
 "/s/ Dell H. Harper."
While a statement, or an admission, such as the one set out here, is insufficient standing alone to establish the corpus delicti of the offense, it may be considered along with the other evidence. Williams v. State, Fla. App. 1960, 117 So.2d 548; and Cross v. State, 1928, 96 Fla. 768, 119 So. 380. It is likewise settled in this jurisdiction that the corpus delicti may be established by circumstantial evidence. Shuler v. State, Fla. 1961, 132 So.2d 7. The evidence herein clearly establishes the corpus delicti of the offense of grand larceny.
As alluded to above, upon being hired by Atlantic, appellant was charged with the responsibility of making all deposits of cash receipts, taken in through the company's cash register, to its account in the bank, as well as with the company's bookkeeping and accounting.
From the record it appears that each day, at the close of business, either Dillon or Powell would check the cash registers, remove the money from them and place it in an envelope in the safe. The next morning, the appellant would remove the receipts of the preceding day from the safe, count the money, make up the deposit slips in triplicate, and take the money to the bank. Also, the cash register tapes were totaled daily and the amounts thereon were entered in a daily cash record. The receipts passing through these registers were from sales of pharmaceuticals, surgical supplies, and payments on accounts receivable, other than those sent in by mail. Consequently, checks and cash were handled in this manner. After the owners of Atlantic had concluded that certain discrepancies existed between amounts taken in and amounts actually deposited in the bank, they ordered an internal audit by a firm of certified public accountants. The witness, Battson, the C.P.A. who actually made the audit covering the period of March 1 to October 10, 1960, testified that he discovered forty-five discrepancies between file copies of the company's deposit slips and the amounts actually deposited in the bank during the period mentioned above. In seventeen of these instances he found duplicate deposit slips for which no deposit was made, and in the remaining 28, the discrepancy involved a *608 deposit of less money than was shown on the duplicate slip, which was found in reconciling them with bank statements. In this respect, the audit disclosed a shortage of $5,848.06. A comparison of the daily cash record and the cash register tapes showed a $528.62 shortage, so that the total amount missing from the company's account over the seven-month period was $6,376.68.
The appellant, who took the witness stand in her own behalf, testified that it was Dillon, and not herself, who was removing money from the company; that she knew of this but had not told anyone. She further stated that when the amount of cash deposited was less than it should have been, a duplicate deposit slip showing the proper amount would be placed in Atlantic's file, while the slip accompanying the deposit to the bank would reflect the short amount actually deposited. Appellant acknowledged her responsibility in this area, but when asked why she had not said anything about Dillon taking money out of the till, she replied that it was his business and that he could do with the money as he pleased.
The court also heard the testimony of a part-time bookkeeper, who, for a while, worked with the appellant. This witness explained generally the bookkeeping methods and the manner of handling cash receipts and preparing deposits, including appellant's duties in regard thereto.
Appellant contends that it was incumbent upon the State in the instant case to prove that she had stolen in excess of $100.00 at one given time and that the proof herein showed at most forty-five separate larcenies. We are well aware of the rule stated in Hamilton v. State, 1937, 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013, that the taking of different articles from the same person at different times generally constitutes separate offenses. Likewise, in the case of Green v. State, 1938, 134 Fla. 216, 183 So. 728, the court emphasizes that where such taking is the result of a separate independent impulse it is a separate crime. We believe, however, that the facts and circumstances gleaned from the record in the present case show clearly one continued series of acts evolving from a single preconceived purpose, even though the period of time involved was approximately seven months. In other words, the taking here was the result of a single impulse. Cf. Green v. State, supra. We conclude, therefore, that such acts constituted but one offense. See, e.g., Brown v. State, 1941, 30 Ala.App. 27, 200 So. 630; 52 C.J.S. Larceny § 53; and 2 Wharton's Criminal Law and Procedure, Sec. 450.
Upon a review of the entire record herein we find the evidence sufficient to support the verdict and judgment. Error not appearing, the judgment of conviction is affirmed.
SMITH, J., and WILLSON, J.H., Associate Judge, concur.