COWART, Judge,
concurring specially:
In August of 1979, petitioner was arrested and charged with five counts of embezzlement from one individual, all allegedly occurring between March 2 and March 16, 1979. Not having been tried on those charges within 180 days, he moved for a discharge, which was denied by the trial court. This court granted a writ of prohibition and discharged petitioner as to those charges. Ballard v. Kaney, 397 So.2d 1042 (Fla. 5th DCA 1981).
In August of 1981, the State filed a second information alleging five counts of embezzlement allegedly occurring between April 6 and May 4, 1979, and involving property of the same owner or custodian involved in the embezzlement charges filed in August of 1979. Petitioner moved for a speedy trial discharge as to the new information on the theory that the new charges were “but a reiteration” of the first charges, concerning which petitioner had been discharged. The trial court denied petitioner’s motion and the petitioner again seeks a writ of prohibition.
Florida Rule of Criminal Procedure 3.191(h)(1) provides that a speedy trial rule discharge bars prosecution, not only of the crime charged, but also all other crimes which might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense. Petitioner’s best argument seems to be that, *780 since in both informations the State charged a series of embezzlements, which is permitted by Florida Rule of Criminal Procedure 3.150(a) only when the offenses are based on the same act or transaction or connected acts or transaction, the acts alleged in the first information and the acts alleged in the second information should all be considered as but one criminal transaction or episode and the petitioner being discharged as to some is now discharged as to all. The petitioner cites Harper v. State, 141 So.2d 606 (Fla. 2d DCA 1962), and Hearn v. State, 55 So.2d 559 (Fla.1951).
I do not agree with Harper to the extent that case can be read to hold that, if a series of separate acts or thefts from the same person at different times over a long period of time can be said to have resulted from “a single impulse,” then all such acts constitute but one offense. Although not articulated as such, cases such as Harper were influenced by the then extant “single transaction rule,” which was abolished in 1976 by section 775.021(4), Florida Statutes (1975). Correctly speaking, each “taking” at common law and each “obtaining” or “use” under present section 812.014, Florida Statutes, constitutes a separate offense. The second information alleges five separate and distinct illegal acts, one occurring on April 6, one on April 13, one on April 20, one on April 27, and the last on May 4,1979. The only proper limitation on the number of different offenses for which a defendant can be prosecuted is the double jeopardy clauses of the federal and state constitutions. The problem is one of identity of offenses. While the statutory offenses charged in the first information are the same as those charged in the second information (each of the five counts in both informations being alleged violations of section 812.014, Florida Statutes), nevertheless, the factual events upon which each charge is based are necessarily different because the acts which allegedly constitute the unlawfully obtaining or using (embezzlement) between April 6 and May 4,1979, are necessarily different from the acts allegedly constituting the unlawfully obtaining or using between March 2 and 16, 1979, the time frame of the charges in the first information. Obviously, the informations also relate to different funds. Upon trial on the present information, the defendant may adequately limit proof to the dates alleged in the information by motions for statements of particulars. Fla.R.Crim.P. 3.140(n). See generally State v. Katz, 402 So.2d 1184 (Fla.1981).