COBB, Judge.
The state appeals the dismissal of its 40-count information against the defendant, Robert Louis Szorcsik.[1] The gist of the state’s case was that Szorcsik failed to remit to the state fuel taxes he collected between October, 1982 and May, 1984.
In framing its information, the state considered each of the 20 months of nonpayment as a separate violation, hence including 20 counts pursuant to section 206.56, Florida Statutes (1983),[2] Florida’s distributor embezzlement statute. Then, for good measure, the state duplicated each embezzlement count with a grand theft count for each of the same 20 months of unremitted taxes pursuant to section 812.014(2)(a) and (b)(1), Florida Statutes (1983).
The trial court, acting on Szorcsik’s motion to dismiss, found the first 20 counts (based on embezzlement) defective in failing to allege a criminal intent by Szorcsik to deprive the state of the monies concerned or to appropriate such monies to his own use. The trial court also found that “the State may in this case charge only one count of embezzlement of sales tax monies, not multiple counts, and that the grade of the offense depends upon the total embezzlement monies stolen.” It also determined that prosecution under both sections 206.56 and 812.014 for the same incidents was prohibited, since the same monies were involved in both the tax embezzlement and the theft counts, and that such prosecution is proper only under section 206.56. Consequently, the trial court dismissed counts one through twenty, granting the prosecution leave to file an amended information including in a single count the matters previously included within counts one through twenty, and adding to said count an allegation of criminal intent; counts twenty-one through forty were dismissed with prejudice (ie., without leave to amend). The state appeals, and Szorcsik cross-appeals.
We have no trouble in agreeing with the trial court’s determination that section 206.56 requires a criminal intent. Nothing in the statute suggests an affirmative directive from the Florida Legislature to eliminate mens rea from this particular type of statutory embezzlement.[3] See Morissette v. U.S., 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).
While we would agree that, under these facts, it would be improper to convict for both embezzlement under section 206.-56 and for theft under section 812.014 *75 where the same monies are concerned,[4] dual convictions are not our concern at this point of the case. The defense motion to dismiss counts twenty-one through forty as duplicitous is premature. A motion to require the state to elect between repugnant counts must be made before introduction of evidence by the defense; the state cannot be forced to make that election via a motion to dismiss. See Tidwell v. State, 143 Fla. 397, 196 So. 837 (1940); see also Mayers v. State, 124 Fla. 326, 126 Fla. 640, 171 So. 824 (1937).
The more difficult question concerns the propriety of the trial court’s ruling that the state is limited to a one-count prosecution under section 206.56, rather than bringing separate counts for each of the twenty months that the defendant allegedly withheld the tax money from the state. The statute requires that distributors collecting this tax must render monthly invoices. See § 206.91. The trial court relied on Harper v. State, 141 So.2d 606 (Fla. 2d DCA 1962), in dismissing the twenty counts and reducing them to one; however, Harper involved trial evidence of intent, not the sufficiency of allegations in a multi-count information. Moreover, as pointed out by Judge Cowart’s concurring opinion in Ballard v. Thompson, 421 So.2d 779, 780 (Fla. 5th DCA 1982), Harper was a product of the then-extant “single-transaction rule.”
In Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937), the supreme court held that the taking of different articles from the same person at different times generally constitutes separate offenses. Here, the monies that were due the state each month were different monies than those due the preceding months, and Hamilton is apposite to the instant facts. Where multiple takings result from separate, independent impulses, each taking constitutes a separate crime. Green v. State, 134 Fla. 216, 183 So. 728 (1938). In the instant case, the state has alleged separate embezzlements, whatever problems of proof it may subsequently encounter in regard to separate intents, impulses and preconceived purposes. Therefore, the trial court’s ruling that the 20 embezzlement counts be reduced to one was improper and is reversed.
Szorcsik seeks to cross-appeal the denial by the trial court of his motion to dismiss, which challenged prosecutorial authority below and the procedural sufficiency of the information. This was not an appealable order, and the cross-appeal is therefore dismissed. See State v. Soto, 444 So.2d 1151 (Fla. 5th DCA 1984).
Accordingly, we affirm the trial court’s dismissal of counts one through twenty of the information (the embezzlement counts) with leave to amend to include the requisite criminal intent, and we reverse the trial court’s dismissal with prejudice of counts twenty-one through forty, which alleged theft. We also reverse the trial court’s determination that the embezzlement counts must be reduced to one count.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
DAUKSCH and ORFINGER, JJ., concur.

. The named co-defendants below, H.M. Bowness Oil, Inc., and Hartle M. Bowness, are not parties to this appeal.

. This section provides:
206.56 Failure to account for tax collected; embezzlement. — If any distributor collects from another, upon an invoice rendered, the tax in this part contemplated, and fails to report and pay the same to the department as provided, he shall be deemed to be guilty of embezzlement of funds, the property of the state, and upon conviction shall be punished as if convicted of larceny of a like sum.

. Section 206.56 was amended effective January 1, 1988, to include the following underlined language:
206.56 Failure to account for tax collected; embezzlement. — If any refiner, importer, or wholesaler collects from another, upon an invoice rendered, the tax in this part contemplated, and fails to report and pay the same to the department as provided, with intent to temporarily or permanently deprive the state of a right or benefit to such moneys or appropriate such moneys to his own use or that of another not entitled to such moneys, he shall be deemed to be guilty of embezzlement of funds, the property of the state, and upon conviction shall be punished as if convicted of larceny of a like sum.
Ch. 87-99, § 78, Laws of Fla.

. See Carawan v. State, 515 So.2d 161 (Fla.1987).