522 So.2d 474 (1988)
STATE of Florida, Appellant/Cross-Appellee,
v.
SUN CITY OIL COMPANY, INC., et al., Appellees/Cross-Appellants.
No. 87-449.
District Court of Appeal of Florida, Fifth District.
March 17, 1988.
*475 Robert A. Butterworth, Atty. Gen., Tallahassee and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant/cross-appellee.
James M. Russ, Orlando, for appellee/cross-appellant, Robert Louis Szorcsik.
Clyde M. Taylor, Jr., Tallahassee, for appellee Thomas A. Farber.
James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Daytona Beach for appellees/cross-appellants Darlene Szorcsik Jackson and Charlene Szorcsik.
No Appearance for appellee Sun City Oil Co., Inc.
ORFINGER, Judge.
The State appeals the dismissal of its 57 count information against the defendants, which charged that defendants had failed to remit to the State fuel taxes collected between May 1, 1983 and September 20, 1985.
With one exception, this case involves the identical legal issues presented in State v. H.M. Bowness Oil, Inc., 522 So.2d 73 (Fla. 5th DCA 1988). The one difference is that in this case, unlike Bowness, the State added a count charging the defendants with engaging in a pattern of racketeering activity, thus violating the Florida RICO Act, section 895.03(3), Florida Statutes (1985).[1] We reverse.
After charging the RICO violation in the first count, the State then charged 28 counts of embezzlement under section 206.56, Florida Statutes (1983),[2] one count for each month of non-payment, and for good measure, charged 28 counts of grand theft under the Omnibus Theft Statute, section 812.014, Florida Statutes (1983), for those same months.
On the authority of and for the reasons expressed in State v. H.M. Bowness Oil, Inc., supra, we conclude that:

*476 1. The trial court correctly determined that section 206.56 requires proof of criminal intent.
2. Although the State cannot convict for both embezzlement under section 206.56 and theft under section 812.014 for the same taking, the trial court prematurely dismissed the counts based on the grand theft statutes, because the State cannot be required to elect between repugnant counts by a motion to dismiss. A motion to require the State to elect must be made before introduction of evidence by the defense.
3. The trial court erred in requiring the State to charge all the alleged embezzlement under section 206.56 in one count. The State may charge a separate crime for each distinct month that monies are not reported and paid.
Bowness did not involve, thus did not discuss, the RICO count, which is charged here. We conclude that if the State elects to proceed under the grand theft statute, it may also prosecute under the RICO count, because grand theft is one of the predicate crimes on which a RICO violation may be based. On the other hand, if it elects to proceed under section 206.56, the RICO count should then be dismissed because a violation of that statute is not one of the predicate crimes listed in section 895.02. That this omission was intended by the legislature and was not an oversight is indicated by the fact that violation of the statute relating to evasion of payment of cigarette taxes is listed as a predicate crime. Had the legislature intended to include evasion of payment of fuel taxes in the long list of predicate crimes, it would have said so. We reject appellees' contention that they may not be prosecuted for the underlying predicate acts in addition to the RICO violation. See Carroll v. State, 459 So.2d 368 (Fla. 5th DCA 1984).
Summarizing, we affirm the trial court's dismissal of the counts charging embezzlement of fuel taxes, with leave to amend to allege the requisite criminal intent, and we reverse the trial court's dismissal with prejudice of the counts charging the RICO violation and grand theft. We also reverse the trial court's determination that the embezzlement counts must be reduced to a single count. The cross-appeal is dismissed. Bowness, supra.
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] This statute provides:

(3) It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.
[2] This statute provides:

Failure to account for tax collected; embezzlement.  If any distributor collects from another, upon an invoice rendered, the tax in this part contemplated, and fails to report and pay the same to the department as provided, he shall be deemed to be guilty of embezzlement of funds, the property of the state, and upon conviction shall be punished as if convicted of larceny of a like sum.