FERGUSON, Judge.
Gary Barthell, a toll collector for the Department of Transportation, allegedly stole $379.94 from toll receipts in nine separate thefts over a twelve-day period. The largest amount taken on any single day was $77.71. By information the State charged Barthell with grand theft of “$300.00 or more.”
In aggregating the nine thefts for the purpose of reaching the $300 amount necessary to upgrade the offense to a third-degree felony, section 812.014, Florida Statutes (1985), the State relied on section 812.-012(9)(c), Florida Statutes which provides:
Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or from several persons, may be aggregated in determining the grade of the offense.
The court granted Barthell’s Rule 3.190(b) motion to dismiss, stating that each of the thefts, separated by time and circumstances, constituted separate petty thefts and, therefore, were separate units of prosecution. The State argues that on the facts of this case the fact-finders, and not the court, should decide whether the several thefts constituted “one scheme or course of conduct” for the purpose of aggregating the amounts. We agree and reverse.
The question of the existence of a felonious intent in a larceny prosecution is one of fact. Harper v. State, 141 So.2d 606 (Fla. 2d DCA 1962). Whether the defendant had a felonious intent turns on whether each theft was the result of a single impulse, as distinguished from a continued series of acts evolving from a single preconceived purpose. Harper, 141 So.2d at 608. That question, ordinarily, is not subject to resolution by the court on an unsworn motion to dismiss.
In the present posture of the case, we are called upon to decide only whether the allegations in the information are sufficient to invoke the circuit court’s jurisdiction. It is unnecessary, at this stage, to decide whether the proof supports the charge.
Reversed and remanded for further proceedings.