## STATE OF FLORIDA v DANCO
### Case No. 89-21104
Thirteenth Judicial Circuit, Hillsborough County
November 13, 1990

### APPEARANCES OF COUNSEL

**Don Masten** and **Judy Hoyer**, Assistant State Attorneys, for plaintiff.

**Edward Panzica**, Assistant Public Defender, and **Nick Sinardi, Esquire**, for defendants.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

#### ORDER DENYING REQUEST FOR SPECIFIC JURY INSTRUCTION

THIS COURT has for its consideration the Defendants' Request for Specific Jury Instruction. The Court conducted a hearing on the Defendants' Request on November 9, 1990 and reserved ruling. After

careful consideration of the Defendants' Request, the law cited by the parties and the Court's own independent research, the Court denies the Request.

The State of Florida has charged the Defendants with 252 separate counts of grand theft involving the same victim and its successor in interest and one count of organized fraud. The grand theft offenses are alleged to have taken place between 1985 and 1989. The Defendants on a prior occasion unsuccessfully sought to have these offenses severed. The Court found, based on the factual representations of the State of Florida, that the charged offenses constituted connected transactions in that they occurred at routine intervals and were part of a common scheme. *Flanagan v State,* 566 So.2d 868 (Fla. 2d DCA 1990) and Florida Rule of Criminal Procedure 3.150(a).

The Defendants now take the position that in light of the Court's finding supporting the denial of their Motion to Sever Offenses coupled with the fact that the Defendants have also been charged with organized fraud which requires proof of a "systematic, ongoing course of conduct with intent to defraud", the jury impanelled to try this case should be allowed to determine whether or not the charged grand theft offenses constitute separate offenses or one offense. To assist the jury in making this factual determination the Defendants have requested that the Court instruct the jury as follows:

The Defendant is charged with more than one count of theft. Therefore, if you find the defendant guilty of theft, you must determine by your verdict whether:

(a.) the acts of the Defendant constituted a series of acts evolving from a single preconceived purpose evidencing a single impulse or

(b.) the acts of the Defendant constituted separate and distinct thefts as defined herein.

The Defendants' Request is clearly based on the "single impulse theory" set forth in *Green v State,* 183 So. 728 (Fla. 1938); *Adjmi v State,* 139 So.2d 179 (Fla. 3d DCA 1962) and *Harper v State,* 141 So.2d 606 (Fla. 2d DCA 1962). Unfortunately for the Defendants, the Florida Supreme Court specifically rejected this theory when it reviewed the *Adjmi* case on a Petition for Certiorari. *Adjmi v State,* 154 So.2d 812, 816-817 (Fla. 1963).[1]

---

[1] The Defendants also cited *State v Barthell,* 554 So.2d 17 (Fla. 3d DCA 1989). The Court finds *Barthell* is distinguishable because it only involved the interpretation of that part of the theft statute which grants the State of Florida the option of aggravating the value of property stolen from one or more individuals pursuant to one

Moreover, to grant the Defendant's Request would be contrary to the clear legislative mandate of Florida Statute 775.021(4) which provides that whenever a person, in the course of one criminal transaction or episode, commits separate criminal offenses, that person can be sentenced separately for each criminal offense.[2] *Ballard v Thompson,* 421 So.2d 779,780 (Fla. 5th DCA 1982) (Concurring opinion of Judge Coward) ("Correctly speaking, each 'taking' at common law and each 'obtaining' or 'use' under present section 812.014, Florida Statutes, constitutes a separate offense.")

According, for the reasons expressed, the Defendants' Request for Specific Jury Instruction be and the same is hereby denied.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 13th day of November, 1990.

---

scheme or course of conduct. In that regard the Court does not construe this statutory provision as prohibiting the State of Florida from being able to prosecute separately each individual theft committed during the course of one scheme or course of conduct.

[2] Florida Statute 775.021(4) was created by Ch. 83-156, § 1, Laws of Florida, effective June 22, 1983. It was later amended by Ch. 88-131, § 7, Laws of Florida, effective July 1, 1988 in response to the decision in *Carawan v State,* 515 So.2d 161 (Fla. 1987). As revised, this statute overrode *Carawan* and is applicable only to offenses committed after its effective date. *State v Smith,* 547 So.2d 613, 617 (Fla. 1989). However, this revision has no effect on this Order since the provision of the statute upon which the Court is relying is essentially carried over to the statute as revised and amended.