# HILT v STATE OF FLORIDA

## Case No. 90-01-AP

Seventh Judicial Circuit, Flagler County

May 29, 1991

## APPEARANCES OF COUNSEL

**Jeffrey L. Dees, Esquire,** and **Stephen L. Boyles, Esquire,** for appellant.

**Stephen M. Nelson, Esquire,** for appellee.

## OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

Appellant, Claude G. Hilt, Jr., appeals to this Court his March 30, 1990 conviction and sentence in the County Court in and for Flagler County.

Appellant was found guilty by a jury of two counts of possession of a doe deer during closed season for doe deer, in violation of F.S. 372.99(1). He also was found guilty of one count of taking or killing a doe deer during the open season, in violation of F. S. 372.99(3). Appellant was sentenced to three consecutive twelve month probationary periods with a condition of the probation that he serve nine months in the Flagler County Jail. He also was fined, and his hunting privileges were revoked for life.

On appeal the Appellant presents three issues for review. First, Appellant contends that his right to due process and a fair trial were violated by the failure of the trial court to require prosecution election between inconsistent counts. Second, he contends that his right to due process and fair trial were violated by being "jammed" into trial on a substantively amended Information. Third, he contends his right to due process and fair trial were denied in the denial of his right of cross-examination on crucial issues.

A review of the record shows that there is no merit to the second contention. The record does not reflect any prejudice caused to Appellant by his trial proceeding when it did on the State's Amended Information.

The third contention also is without merit. The record does not reflect any abuse of discretion on the part of the trial court in limiting cross-examination.

As to the first contention, Appellant alleges that Counts I and II of the Amended Information are repugnant and inconsistent and that conviction cannot lie for repugnant counts. *See Mayers v State,* 171 So. 824 (Fla. 1937); *State v Bowness,* 522 So.2d 73 (Fla. 5th DCA 1988); and *State v Sun City Oil Company, Inc.,* 522 So.2d 474 (Fla. 5th DCA 1988). Counts I and II are alleged to be repugnant and inconsistent because the same deer was involved in both counts. Appellant was convicted on Count I of possessing a doe deer during closed season for doe deer. This violation of F. S. 372.99(1) occurred on November 11, 1989. Appellant's conviction on Count II was for taking or killing that same doe deer during the open season, on the same date, in violation of F. S. 372.99(3). Count III charged under F. S. 372.99(1) again for the unlawful possession, on November 12, 1989, of another doe deer during closed season for doe deer. Appellant alleges that since the season could not be open and closed on the same date, Counts I and II are repugnant and inconsistent. He further alleges that the trial court erred in failing to require the State to choose between the alleged inconsistent counts. This Court finds, however, that although a Motion

66

for Acquittal was made at the close of the State's case, there was no motion made to require the State to elect between the counts, as is required by *Mayers, Bowness,* and *Sun City Oil.*

Furthermore, this Court does not view Counts I and II as being repugnant and inconsistent. Under F. S. 372.99(1) one is guilty who "takes or kills any deer . . . or possesses a freshly killed deer . . . during the closed season . . ." The evidence shows that there was a two-day open season on antlerless (or doe) deer on November 18-19, 1989. If Appellant possessed a freshly killed deer on November 11, 1989, and another one on November 12, 1989, then clearly he was in possession of them outside of the two-day open season for doe deer. There is no doubt that Appellant was properly convicted on Counts I and III of possessing freshly killed doe deer during the closed season for those deer, a violation of subsection (1).

The confusion arises from the meaning of "open season" in F.S. 372.99(3), which Appellant was found guilty of violating in Count II. Subsection (3) states that "[w]however takes or kills any doe deer . . . except as provided by law or the rules of the Game and Fresh Water Fish Commission, during the open season prescribed by the rules of the commission, is guilty. . ." As to the deer in question on November 11, the "open season" in subsection (3) is not inconsistent with the "closed season" in subsection (1). The wording of subsection (3) clearly seems to indicate that the "open season" concerned is the open season in general for white-tailed deer, which in this case ran from November 11, 1989 to January 21, 1990. Obviously, the legislature would not have intended to outlaw killing doe deer in the open season for doe deer. The two-day open season for doe deer is contemplated in the part of subsection (3) that reads ". . . except as provided for by law or the rules of the Game and Fresh Water Fish Commission." Also, the evidence at trial shows that it was open season for antlered white-tailed deer only, and not open season for doe deer.

In the cases previously cited, it is apparent that the assertion of repugnant or duplicitous counts is viable where the same elements are the basis for the crimes charged. This was not the case in the charges against Appellant, who was charged with and convicted of two counts of illegal possession of doe deer during the closed season, and of one count of illegal killing of a doe deer during the open season. Florida States Section 775.021(4)(a) states that

"Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be

**67**

sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." Clearly, the "taking or killing" of a doe deer is a separate and distinct act from the "possession" of a freshly killed doe deer, and both crimes require different elements to be proved. One could kill a doe deer and not possess it, just as one could possess a freshly killed doe deer but not have killed it. *See Davis v State,* 560 So.2d 1231 (Fla. 5th DCA 1990).

Thus, it was not repugnant, inconsistent, or duplicitous for the State to charge Appellant with possession of a freshly killed doe deer at a time when the doe season was not open and, likewise, to charge him with the taking/killing of a doe deer during the open season for antlered white-tailed deer.

Therefore, for the foregoing reasons the trial court's conviction and sentence of Appellant are

AFFIRMED.

May 29, 1991.